Leslie H. Helmer, California Bar No. 150296
lhhelmer@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, California  90401-2386
Telephone:  (310) 576-2100
Facsimile:   (310) 576-2200

Michael E. Olsen, California Bar No. 307358
michael.olsen@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
3161 Michelson Drive, Suite 1500
Irvine, California  92612-4414
Telephone:  (949) 223-7000
Facsimile:   (949) 223-7100

Attorneys for Defendant
WALGREEN CO.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| LETHIA PERRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WALGREEN CO., an Illinois corporation, also d/b/a WALGREENS; LORI CEBALLOS, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  5:18-cv-1582<br><br>(Riverside County Superior Court Case No. RIC1812640)<br><br>**DEFENDANT WALGREEN CO.'s NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441 AND 1446** |

USA01\11987454

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF LETHIA PERRY AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. sections 1332, 1441(a) and (b), and 1446, Defendant Walgreen Co. ("Walgreens") removes the above-referenced action from the Superior Court of the State of California, County of Riverside, Case No. RIC1812640, to the United States District Court, for the Central District of California. Federal jurisdiction of this action is proper on the basis of diversity jurisdiction under 28 U.S.C. sections 1332 and 1441(b). Removal is based on the following grounds:

## I.     BACKGROUND

1. On June 21, 2018, the unverified Complaint (the "Complaint") was filed on behalf of Plaintiff Lethia Perry ("Plaintiff") in the Superior Court of the State of California, County of Riverside, entitled, "Lethia Perry, an individual v. Walgreeen Co., an Illinois corporation, also d/b/a Walgreens' Lori Ceballos, an individual, and Does 1 through 50, inclusive," designated as Case No. RIC1812640 (the "State Court Action"). The Complaint alleges eleven causes of action: (1) "Disability Discrimination (Violation of Gov. Code § 12940(m);" (2) "Failure to Provide Reasonable Accommodation (Violation of Gov. Code § 12940(m);" (3) "Failure to Engage in a Timely, Good Faith, Interactive Process (Violation of Gov. Code § 12940(n);" (4) "Retaliation for Exercising Rights Under the CFRA (Violation of Gov. Code § 12945.2(l));" (5) "Retaliation for Exercising Rights Under the FEHA (Violation of Gov. Code §12940(h);" (6) "Age Discrimination (Violation of Gov. Code § 12940(a));" (7) "Hostile Work Environment Harassment (Violation of Gov. Code § 12940(j));" (8) "Failure to Prevent Discrimination, Harassment, and Retaliation (Violation of Gov. Code § 12940(k); (9) "Tortious

Wrongful Termination in Violation of Public Policy;" (10) "Declaratory Relief;" and (11) Injunctive Relief.

2. On June 26, 2018, Plaintiff personally served the following documents to CSC, Walgreens' registered agent for service of process: Summons; Complaint; Notice of Department Assignment; Notice of Case Management Conference; Alternative Dispute Resolution (ADR) Information Package; and Alternative Dispute Resolution (ADR) Stipulation. A true and correct copy of the Complaint is attached as **Exhibit 1**. A true and correct copy of the Summons is attached as **Exhibit 2**. A true and correct copy of the Certificate of Counsel is attached as **Exhibit 3**. A true and correct copy of the Notice of Department Assignment is attached as **Exhibit 4**. A true and correct copy of the Notice of Case Management Conference is attached as **Exhibit 5**. A true and correct copy of the Alternative Dispute Resolution (ADR) Information Package is attached as **Exhibit 6**. A true and correct copy of the Alternative Dispute Resolution (ADR) Stipulation is attached as **Exhibit 7**. A true and correct copy of the Notice of Service of Process is attached as **Exhibit 8**.

3. On July 9, 2018, Defendant Lori Ceballos was personally served with the following: Summons; Complaint; Notice of Department Assignment; Notice of Case Management Conference; Alternative Dispute Resolution (ADR) Information Package; and Alternative Dispute Resolution (ADR) Stipulation. A true and correct copy of the Summons is attached hereto as **Exhibit 9.**

4. On July 23, 2018, Plaintiff served on Defendant's counsel a copy of a "Notice of Association of Counsel" which was filed in the State Court Action. A true and correct copy of this document is attached hereto as **Exhibit 10.**

5. Walgreens filed an Answer in the State Court Action on July 25, 2018. A true and correct copy of Walgreens' Answer is attached hereto as **Exhibit 11.** As discussed in greater detail below, jurisdiction based on diversity of citizenship is

proper because Defendant Walgreen Co. is not a citizen of California. Although Plaintiff also names Lori Ceballos as an individual defendant, and she is believed to be a citizen of the State of California (Exhibit 1, Complaint, ¶ 5), she is a "sham" defendant, such that for purposes of diversity of citizenship jurisdiction, she must be disregarded.

## II. TIMELINESS OF REMOVAL

6. This Notice of Removal is timely because it is being filed within thirty days of completion of service of the Summons and Complaint upon Walgreens on June 26, 2018, and within one year of the commencement of this action. 28 U.S.C. § 1446(b).

## III. PROCEEDINGS IN STATE COURT

7. Exhibits 1 through 11 attached hereto constitute all of the pleadings in the State Court Action that have been served on Walgreens, filed or served by Walgreens, or retrieved from the Court's records prior to the filing of this Notice of Removal.

## IV. JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP

8. This Court has original jurisdiction of this action under 28 U.S.C. Section 1332(a)(1). As set forth below, this action is removable pursuant to 28 U.S.C. section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Plaintiff Is A Citizen Of California

9. Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. (Exhibit 1, Complaint, ¶ 3.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

USA01\11987454

DEFENDANT WALGREEN CO.'S NOTICE
OF REMOVAL OF CIVIL ACTION UNDER
28 U.S.C. §§ 1332, 1441 AND 1446

USA01\11987454

Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). The Complaint alleges that Plaintiff currently is and "was at all times" a resident of Riverside County, in the State of California. (Exhibit 1, Complaint, ¶ 3.) Plaintiff, therefore, is, and at all times since the commencement of this action has been, a resident and citizen of the State of California.

### B. Walgreen Co. Is Not A Citizen of California

10. Walgreens is now and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. 1332(c)(1).

11. The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center." *Id*. at 92-93.

12. Walgreens is now, and ever since this action commenced, has been incorporated under the laws of the State of Illinois, with its principal place of business in Illinois. Declaration of Amelia Legutki ("Legutki Decl.") ¶ 2. Because Walgreens' corporate headquarters and executive offices are located in Deerfield, Illinois where its high level officers direct, control, and coordinate the Company's

activities, Walgreens' principal place of business or "nerve center" is in Deerfield, Illinois. Legutki Decl. ¶ 3. Accordingly, Walgreens is, and has been at all times since this action commenced, a citizen of the State of Illinois. As a result, Walgreens is not now, and was not at the time of the filing of the State Action, a citizen of the State of California for removal purposes.

13. Accordingly, Defendant Walgreens is not a citizen of the State of California. Rather, Walgreens is a citizen of the State of Illinois pursuant to the "nerve center" test and its incorporation.

### C. Because Individual Defendant Lori Ceballos Is A Sham Defendant, Her Citizenship Should Be Disregarded For Determining Diversity

14. Defendant Lori Ceballos ("Ceballos" or "Individual Defendant") must be disregarded for purposes of diversity because she is a "sham" defendant, *i.e.*, she cannot be found liable as a matter of law. *See*, *e.g.*, *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

15. It is well-settled that a party cannot attempt to defeat diversity of citizenship jurisdiction by adding "sham" defendants. *See*, *e.g., Morris*, 236 F.3d at 1067; *Dodson v. Spillada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992); *TPS Utilicom Serv., Inc. v. AT & T Corp.*, 223 F. Supp. 2d 1089, 1100-1101 (C.D. Cal. 2002) (same); *Cofer v. Parker-Hannifin Corp.*, 194 F. Supp. 3d 1014, 1022 (C.D. Cal. 2016) (same).

16. Joinder of a defendant is a "sham" and is fraudulent if the defendant cannot be liable to the plaintiff on any theory alleged in the complaint. *See*, *e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

17. When determining whether a defendant is fraudulently joined, "[t]he court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90301

Cal. 1979) ("[I]t is well settled that upon allegations of fraudulent joinder . . . federal courts may look beyond the pleadings to determine if the joinder ... is a sham or fraudulent device to prevent removal."); *McCabe*, 811 F.2d at 1339 (a defendant "is entitled to present the facts showing the joinder to be fraudulent").

18. If the facts reveal that joinder is fraudulent, the defendant may be dismissed from the action pursuant to Rule 21 of the Federal Rules of Civil Procedure, which provides that "[p]arties may be dropped or added by order of the court on motion of any party . . . at any stage of the action and on such terms as are just." *Gasnik v. State Farm Ins. Co.*, 825 F. Supp. 245, 248-249 (E.D. Cal. 1992).

19. Plaintiff's Complaint arises from an employment dispute with her former employer, Walgreens. However, Plaintiff has also asserted a claim against Ceballos for purported "Hostile Work Environment Harassment" based upon "disability," "age" and "need for medical leave" pursuant to Cal. Gov. Code § 12940(j). (Exhibit 1, Complaint, ¶¶ 121-132.) Yet, in support of the harassment claim, Plaintiff alleges <u>no actionable conduct</u> by Ceballos as a matter of law.

20. The following are the only specific, factual allegations regarding Ceballos' conduct in the entire Complaint:

    a. Upon Ceballos' hiring in February 2016 she began to assign Plaintiff job duties that "were not feasible to perform during her night shift." Exhibit 1, Complaint, ¶ 21 subd. (d) and (e).

    b. "[O]nly after CEBALLOS became PLAINTIFF's direct supervisor, her work performance also started to be unduly scrutinized and criticized." Exhibit 1, *Id.* ¶ 21 subd. (f).

    c. "CEBALLOS would constantly bring up the fact that PLAINTIFF's team members . . . had to cover Plaintiff's workload while she was out on her medical leaves." Exhibit 1, Complaint, ¶ 21 subd. (g).

   d. "CEBALLOS' performance review of PLAINTIFF was unjustified . . . as it was CEBALLOS who made it extremely difficult for PLAINTIFF to perform her job duties in a satisfactory manner." Exhibit. 1, Complaint, ¶ 21 subd. (g).

   e. Plaintiff "was subjected to periodic 'touch base' meetings with defendant CEBALLOS, during which Plaintiff was ridiculed and subjected to undue work criticism for her alleged 'poor' work performance." *Id.*, ¶ 27.

   f. CEBALLOS and GM Maciel assigned Plaintiff a "physically taxing assignment" despite allegedly knowing of her disability. *Id.* at ¶ 29

   g. Plaintiff's employment was terminated in a letter signed by Ceballos. *Id.* at ¶ 30.

21. As set forth below, Individual Defendant Ceballos is not liable for the harassment as a matter of law, because: (1) her alleged conduct does not rise to the level of sufficiently severe or pervasive conduct for purposes of harassment; and (2) Plaintiff's allegations, even if true, constitute nothing more than non-actionable personnel-management decisions.

   **1.** **The Individual Defendant Is A "Sham" Defendant Because Her Alleged Conduct Is Not Sufficiently Severe Or Pervasive For Purposes of A Harassment Claim**

22. A plaintiff claiming harassment based upon a "hostile work environment" theory must show that the harassing conduct was "severe enough or sufficiently pervasive to alter the conditions of employment and create a work environment that qualifies as hostile or abusive to employees because of their [protected characteristic]." *Hughes v. Pair*, 46 Cal.4th 1035, 1043 (2009). It must

be distinguishable from "the ordinary tribulations of the workplace..." *Etter v. Veriflo Corp.*, 67 Cal.App.4th 457, 464 (1998).

23. Here, there are simply no allegations of harassing conduct. Ceballos allegedly "unfairly scrutinized" Plaintiff's work performance and assigned her infeasible job duties. The remaining allegations against Ceballos are entirely conclusory. Indeed, there is not a single specific factual allegation of any conduct that could support a claim for harassment based on Plaintiff's age, disability, or purported engagement in protected activity. Because Plaintiff has failed to plead a viable claim against the Individual Defendant, her joinder is fraudulent. *Hamilton Mat. Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) ("If plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state, the joinder of the resident defendant is fraudulent."). Accordingly, Plaintiff's harassment claim against Ceballos is without merit.

    2.    **Ceballos Is a "Sham" Defendant Because The Alleged Harassment Is Based Solely On Non-Actionable Personnel Management Decisions**

24. Plaintiff's harassment claim is also without merit because at most, a supervisor's criticism of a subordinate's work performance, as reflected in performance reviews and ultimate termination, are non-actionable personnel-management decisions.

25. As explained by the California Supreme Court in *Reno v. Baird*, 18 Cal.4th 640, 646 (1998), personnel-related decisions involving discipline, performance evaluations, compensation, or job assignments cannot constitute unlawful harassment. *Id.* at 646. This is because personnel-related decisions are a normal part of an employment relationship that cannot be avoided. On the other

hand, conduct that constitutes harassment is avoidable because it is not a necessary part of the employment relationship. *Id*. In the language of the Court:

> Making a personnel decision is conduct of a type fundamentally different from the type of conduct that constitutes harassment. Harassment claims are based on a type of conduct that is avoidable and unnecessary to job performance. No supervisory employee needs to use slurs or derogatory drawings, to physically interfere with freedom of movement, to engage in unwanted sexual advances, etc., in order to carry out legitimate objectives of personnel management. We conclude, therefore, that the Legislature intended that commonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like, do not come within the meaning or harassment. These actions are of a type necessary to carry out the duties of business and personnel management. *Id*. at 646-47.

As the Court concluded, an employee may pursue a claim for discrimination against her employer based on such conduct, but cannot pursue a claim for harassment:

> These actions [including project assignments, promotion or demotion, performance evaluations, or compensation decisions] may retrospectively be found discriminatory if based on improper motives, but in that event the remedies provided by the FEHA are those for discrimination, not harassment. Harassment, by contrast, consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management. This significant distinction underlies the differential treatment of harassment and discrimination in the FEHA. *Id.* at 647 (quoting *Janken v. GM Hughes Elecs.*, 46 Cal.App.4th 55, 63-65 (1996)).

26. Plaintiff here alleges that she was harassed on account of her age, disability, and engagement in protected activity. (Exhibit 1, Complaint, ¶ 124.) However, none of the conduct alleged against the Individual Defendant, even if true, comes close to actionable harassment. Plaintiff merely alleges that Ceballos was hired for the position for which Plaintiff applied, Ceballos criticized her job performance, assigned her particular job duties and terminated her employment. Each of these allegations is part of the normal course of employment, as opposed to harassment.

27. These allegations are precisely the types of allegations that the California Supreme Court in *Reno* held did not amount to actionable harassment because the plaintiff alleged routine personnel-related conduct. *Reno*, 18 Cal.4th at 646-47; *Hardin v. Wal-Mart Stores, Inc.*, 2012 WL 691707 at *18 (E.D. Cal., Mar. 2, 2012) ("Personnel management actions commonly necessary to carry out the duties of business and personnel management, and thus outside the purview of harassment, include 'hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions' and decisions regarding meetings."). Because Plaintiff's harassment claim alleges nothing more than personnel-management activity, the harassment claim against Ceballos fails as a matter of law.

28. Plaintiff's Complaint on its face makes it clear that Ceballos is nothing more than a "sham" defendant named for no other reason than to defeat removal. Ceballos, therefore, should be disregarded for purposes of removal.

### D. Doe Defendants May Be Disregarded

29. Pursuant to 28 U.S.C. section 1441(b)(1), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *Fristoe v. Reynolds Metals, Co.*, 615 F.

2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants, 1-50, does not deprive this Court of jurisdiction.

### E. Amount In Controversy[1]

30. While Walgreens denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000. Plaintiff alleges Walgreens terminated her employment on or about August 11, 2017. (Exhibit. 1, Complaint, ¶¶ 13, 30-31, 89-90, 144.) Plaintiff alleges as a result of Walgreens' acts she "has suffered and will continue to suffer lost income, benefits, employment, and career opportunities, as well as other economic loss, the precise nature of which will be proven at trial. (Exhibit 1, Complaint, ¶¶ 49, 63, 78, 91, 101, 116, 129, 136, 145.) Plaintiff further alleges that as a result of Walgreens' alleged conduct, she "endured and continues to endure emotional distress, tarnished reputation, and pain and suffering, the precise amount of which will be proven at trial." (Exhibit 1, Complaint, ¶¶ 50, 64, 79, 92, 102, 117, 130, 137, 146.)

31. To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in this Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dis. LEXIS 31515, *7 (E.D. Cal., April 30, 2007). Walgreens need only "provide evidence establishing

---

[1] Nothing in this Notice of Removal is intended nor should be construed as any type of express or implied admission by Walgreens of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Walgreens' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Further, Walgreens expressly reserves its right to amend or supplement this Notice of Removal and the evidence in support thereof to the fullest extent permitted by applicable law.

that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

32. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not show bad faith or out court of jurisdiction). If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

33. Plaintiff claims she "continues to suffer lost income, benefits, employment and career opportunities." (Exhibit 1, Complaint, ¶¶ 49, 63, 78, 91, 101, 116, 129, 136, 145.) Walgreens denies any liability to Plaintiff for loss of earnings. Plaintiff alleges Walgreens' terminated her employment on or about August 11, 2017. (Exhibit 1, Complaint, ¶¶ 13, 30-31, 89-90, 144.) At the time of Plaintiff's termination, Plaintiff's annual salary was approximately $87,000.00. (Exhibit 1, Complaint, ¶ 13.)

34. Plaintiff alleges she has suffered and continues to suffer emotional distress. (Exhibit 1, Complaint ¶¶ 33, 50, 64, 79, 92, 102, 117, 130, 137, 146, and Prayer for Relief, ¶ 1.) Although Walgreens denies any liability to Plaintiff for emotional distress, these alleged damages must be included when calculating the amount in controversy. *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy").

35. Plaintiff seeks attorneys' fees. (Exhibit 1, Complaint, ¶¶ 53, 67, 82, 95, 105, 120, 132, 140, 149, 159, and Prayer for Relief, ¶¶ 7-8.) Although Walgreens denies any liability to Plaintiff for attorneys' fees, claims for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

36. Plaintiff claims she is entitled to punitive damages. (Exhibit 1, Complaint ¶¶ 52, 66, 81, 94, 104, 119, 131, 139, 148, Prayer for Relief, ¶ 4.) Although Walgreens denies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs.'").

37. Based upon the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

38. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Walgreens pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

## V.  NO JOINDER REQUIRED

39. Unnamed, or doe defendants, are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

## VI. VENUE

40. Venue lies in the Central District of California pursuant to 28 U.S.C. sections 1441(a), 1446(a), and 84(c)(1). This action originally was brought in the Superior Court of the State of California, County of Riverside, which is located within the Central District of the State of California, Eastern Division, and Plaintiff resides in the County of Riverside, California. See Exhibit 1, Complaint, ¶ 1.

## VII. NOTICE OF REMOVAL

41. Pursuant to 28 U.S.C. Section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the Clerk of the Superior Court of the State of California, County of Riverside, in the State Court Action.

42. This Notice of Removal will be served on counsel for Plaintiff. A copy of the Proof of Service regarding the Notice of Removal will be filed shortly after these papers are filed and served.

43. In compliance with 28 U.S.C. section 1446(a), true and correct copies of all process, pleadings, and orders filed and/or served in this action are attached as Exhibits 1 through 11.

## VIII. PRAYER FOR REMOVAL

44. WHEREFORE, Walgreens prays that this civil action be removed from the Superior Court of the State of California, County of Riverside, to the United States District Court for the Central District of California.

Dated: July 26, 2018

**BRYAN CAVE LEIGHTON PAISNER LLP**

B:  /s/ Leslie H. Helmer
    Leslie H. Helmer
    Michael E. Olsen
Attorneys for Defendant
WALGREEN CO.

USA01\11987454