Exhibit 1

Henna H. Choi (SBN 306254)
**THE HENNA CHOI LAW FIRM**
3500 W. Olive Ave., Suite 300
Burbank, CA 91505
Telephone: (818) 860-1340
Facsimile: (818) 858-1708
henna@hennachoilaw.com

Joshua Park (SBN 299572)
**LAW OFFICE OF JOSHUA PARK**
2372 Morse Ave., Suite 150
Irvine, CA 92614-6234
Telephone: (714) 202-6861
Facsimile: (714) 475-3594
E-mail: jpark@joshuaparklaw.com

Attorneys for Plaintiff LETHIA PERRY

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

JUN 2 1 2018

E. Rodriguez

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE

LETHIA PERRY, an individual,

    Plaintiff,

    v.

WALGREEN CO., an Illinois corporation, also d/b/a WALGREENS; LORI CEBALLOS, an individual; and DOES 1 through 50, inclusive,

    Defendants.

Case No.: **RIC** 1812640

**COMPLAINT FOR DAMAGES**

1. Disability Discrimination (Violation of Gov. Code § 12940(a))

2. Failure to Provide Reasonable Accommodation (Violation of Gov. Code § 12940(m))

3. Failure to Engage in a Timely, Good Faith, Interactive Process (Violation of Gov. Code § 12940(n))

4. Retaliation for Exercising Rights Under the CFRA (Violation of Gov. Code, § 12945.2(l))

5. Retaliation for Exercising Rights under the FEHA (Violation of Gov. Code §§ 12940(h))

6. Age Discrimination (Violation of Gov. Code § 12940(a))

1

COMPLAINT FOR DAMAGES

7.   Hostile Work Environment Harassment (Violation of Gov. Code § 12940(j))

8.   Failure to Prevent Discrimination, Harassment, and Retaliation (Violation of Gov. Code § 12940(k))

9.   Tortious Wrongful Termination in Violation of Public Policy

10.  Declaratory Relief

11.  Injunctive Relief

**DEMAND FOR JURY TRIAL**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel: (818) 860-1340 I Fax: (818) 858-1708

2

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

Plaintiff LETHIA PERRY ("PLAINTIFF"), an individual, complains and alleges as follows:

### JURISDICTION AND VENUE

1.     Jurisdiction is conferred on this Court over the defendants named herein, who conduct business and/or reside in the State of California. Jurisdiction is conferred on this Court as to all causes of action as they arise under state statutory or common law.

2.     Venue is proper in this Court because a substantial part of the events and omissions giving rise to PLAINTIFF's causes of action occurred in this County; WALGREEN CO., a corporation, also doing business as WALGREENS ("WALGREENS"), a defendant named herein, conducts business in this County; and conduct by the individual defendant, LORI CEBALLOS ("CEBALLOS"), complained of herein occurred in this County.

### PARTIES

3.     PLAINTIFF is and was at all times mentioned herein a resident of Riverside County, California. At all relevant times, PLAINTIFF was an employee of defendant WALGREENS within the meaning of all applicable California state laws, statutes, and regulations; and worked at Walgreens Distribution Center, located at 17500 Perris Boulevard, Moreno Valley, California 92551 (hereinafter referred to as the "Moreno Valley Distribution Center").

4.     PLAINTIFF is informed and believes, and upon such information and belief alleges, that defendant WALGREENS is, and was at all times mentioned herein, a corporation organized under the laws of the State of Illinois and is registered to conduct business in the State of California. PLAINTIFF is informed and believes, and thereon alleges, that WALGREENS conducts a substantial part of its business in the State of California; manages, owns, or operates three distribution centers in the State of California and more than 250 retail locations all over the State of California, and employs thousands of employees in the State of California.

3

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1  At all relevant times, defendant WALGREENS was an "employer" of PLAINTIFF

2  within the meaning of all applicable California state laws, statutes, and regulations.

3      5.    PLAINTIFF is informed and believes, and upon such information and

4  belief alleges, that defendant CEBALLOS is, and all times relevant herein was, a

5  resident of the State of California; and has been an employee of WALGREENS from

6  approximately February 2016 to the present, as the Human Resources Manager of

7  the Moreno Valley Distribution Center.

8      6.    PLAINTIFF is informed and believes, and upon such information and

9  belief alleges, that at all material times alleged herein, defendants WALGREENS,

10 CEBALLOS, and DOES 1 through 50, inclusive, and each of them, were the agents,

11 partners, joint venturers, joint employers, representatives, servants, employees,

12 successors-in-interest, co-conspirators, and assigns, each of the other, and all times

13 relevant herein, were acting within the course and scope of their authority as such

14 agents, partners, joint venturers, joint employers, representatives, servants,

15 employees, successors-in-interest, co-conspirators, and assigns, and all acts or

16 omissions alleged herein were duly committed with the ratification, knowledge,

17 permission, encouragement, authorization, and consent of each defendant

18 designated herein.

19     7.    The true names and capacities, whether corporate, associate,

20 individual, or otherwise, of defendants DOES 1 through 50, inclusive, and each of

21 them, are presently unknown to PLAINTIFF who sues said defendants by such

22 fictitious names. PLAINTIFF is informed and believes, and upon such information

23 and belief, alleges that each of the defendants designated as DOE is in some

24 manner responsible and liable for the wrongs and damages as alleged below, and in

25 so acting, was functioning as the agent, servant, partner, and employee of the

26 codefendants; and in doing such actions mentioned below, was acting within the

27 course and scope of his or her authority as such agent, servant, partner, and

28 employee with the permission and consent of the codefendants. PLAINTIFF will

4

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1  seek leave of court to amend this Complaint to show the true names and capacities

2  when the same have been ascertained.

3      8.    Defendants    WALGREENS,    CEBALLOS,    and    DOES

4  1 through 50, inclusive, will be hereinafter collectively referred to as

5  "DEFENDANTS."

6      9.    Whenever and wherever reference is made of individuals who are not

7  named as PLAINTIFF or DEFENDANTS in this Complaint, but were agents,

8  servants, employees, and/or supervisors of DEFENDANTS, such individuals at all

9  relevant times acted on behalf of DEFENDANTS within the scope of their

10  employment.

11      10.    PLAINTIFF is informed and believes, and based thereon alleges, that

12  at all material times alleged herein, each defendant was completely dominated and

13  controlled by its co-defendant and each was the alter ego of the other.

14      11.    PLAINTIFF performed services for each and every one of defendants

15  WALGREENS and DOES 1 through 50, inclusive, and each of them, and to their

16  mutual benefit, and all of defendants WALGREENS and DOES 1 through 50,

17  inclusive, and each of them, shared control of PLAINTIFF as an employee, either

18  directly or indirectly, and the manner in which their business was and is conducted.

19  **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20      12.    PLAINTIFF timely filed complaints against DEFENDANTS under

21  Government Code sections 12940, et seq., the California Fair Employment and

22  Housing Act ("FEHA"), with the California Department of Fair Employment and

23  Housing ("DFEH"); and received a "Right to Sue" Notice from the DFEH on January

24  12, 2018. On June 21, 2018, PLAINTIFF amended said complaint and received an

25  amended "Right to Sue" Notice as to DEFENDANTS. As such, PLAINTIFF has

26  satisfied the administrative prerequisites with respect to all of her claims arising

27  under the FEHA and all related filings.

28  ///

COMPLAINT FOR DAMAGES

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

13.    PLAINTIFF was a 14-year veteran employee of defendant WALGREENS from August 11, 2003, until she was wrongfully terminated on August 11, 2017, her 14th anniversary with WALGREENS.  During the entirety of her employment with WALGREENS, PLAINTIFF held the position of Human Resources ("HR") Generalist, and worked at the Moreno Valley Distribution Center in Riverside County.  At the time of her termination, PLAINTIFF was over the age of 40 and earned an annual salary of approximately $87,000.00.

14.    Prior to starting her employment with WALGREENS, PLAINTIFF was an experienced HR professional with over 10 years of work experience in the HR field.  PLAINTIFF obtained a Bachelor's Degree from Chapman University in Organizational Development and is an active member of the Society of Human Resources Management ("SHRM").  During her employment with WALGREENS, PLAINTIFF performed her job duties competently and satisfactorily, and had been highly regarded by her superiors and colleagues.

15.    Throughout her 14-year employment with WALGREENS, PLAINTIFF was a loyal and dedicated HR Generalist, who achieved key results for defendant WALGREENS, including, but not limited to, playing an essential role in ensuring the successful launch of WALGREENS' West Coast Distribution Center (i.e., the Moreno Valley Distribution Center), as well as in structuring and implementing programs and policies in the areas of Talent Management and Development, Recruitment and Retention, Orientation and Training Workers Compensation and Benefits, Safety/OSHA guidelines, and Payroll and Attendance.

16.    As an HR Generalist, PLAINTIFF was also part of the management team at the Moreno Valley Distribution Center.

///
///
///

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 I Fax: (818) 858-1708

6

COMPLAINT FOR DAMAGES

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

**A.** **From April to August 2015, PLAINTIFF Took a FMLA/CFRA Qualifying Leave for Torn Rotator Cuff.**

17. From approximately April to August 2015, PLAINTIFF properly notified defendant WALGREENS of the need for, and took, a leave qualifying under the Family and Medical Leave Act ("FMLA") and the California Family Rights Act ("CFRA"), to recover from rotator cuff surgery (hereinafter referred to as "the 2015 FMLA/CFRA qualifying leave").

18. PLAINTIFF is informed and believes, and based thereon alleges, that while she was on the 2015 FMLA/CFRA qualifying leave, defendant WALGREENS was terminating, laying off, or imposing forced resignations upon, many of her team members on the management team at the Moreno Valley Distribution Center. These team members had been longtime employees of WALGREENS and were replaced with individuals who were younger or less qualified, and/or who did not have a known disability.   In or around August 2015, WALGREENS replaced the former General Manager with the current General Manager Candace Maciel ("GM Maciel") as part of this mass layoff/termination scheme.   PLAINTIFF is also informed and believes, and based thereon alleges, that her team members were terminated, laid off, or forced to resign as a result of their age; disability; exercise of the rights under the FEHA, FMLA or CFRA; and/or any combination of these protected characteristics.

19. PLAINTIFF is informed and believes, and based thereon alleges, that those team members who were not separated from their employment with WALGREENS during this mass layoff/termination also faced adverse employment actions, such as being placed on unfavorable work schedules or on a Performance Improvement Plan ("PIP"), and/or being eventually terminated from their employment at a later time.   PLAINTIFF is further informed and believes, and based thereon alleges, that DEFENDANTS took these adverse employment actions on the basis of the particular employee's age, disability, exercise of the rights under

7

1  the FEHA, FMLA, or CFRA; and/or any combination of these protected
2  characteristics.

3      20.   PLAINTIFF is also informed and believes, and based thereon alleges,
4  that some of the team members, including PLAINTIFF, were placed on a PIP upon
5  returning from a medical leave approved under the FMLA and/or CFRA, and were
6  later terminated.

7      **B.**  **Following PLAINTIFF's Return from the 2015**
8          **FMLA/CFRA Qualifying Leave, PLAINTIFF Was**
9          **Subjected to Adverse Employment Action in the Form of**
10         **Discrimination, Harassment, and Retaliation.**

11     21.   As set forth above, PLAINTIFF took a FMLA/CFRA qualifying leave in
12  2015, and returned to work in or around August 2015.   Like her coworkers,
13  PLAINTIFF was also subjected to adverse employment actions by DEFENDANTS,
14  and each of them, including wrongful termination that occurred in August 2017.   By
15  way of illustration only and without detailing each and every instance, PLAINTIFF
16  was subjected to adverse employment actions as follows:

17      a.   Defendants WALGREENS and DOES 1 through 50, inclusive,
18  and each of them, forced PLAINTIFF to relocate her workspace from a standard
19  office where she had occupied prior to the 2015 FMLA/CFRA qualifying leave, to a
20  small storage closet.   This hampered PLAINTIFF's ability to perform her job duties
21  efficiently and without difficulty.   Being placed in the storage closet made it difficult
22  for PLAINTIFF, as an HR Generalist, to hold joint meetings with an employee and
23  his or her manager, when conducting, among other things, investigations and/or
24  evaluations.   There was very little to no room in the storage closet to hold these
25  meetings.   Working out of the storage closet was obviously humiliating for
26  PLAINTIFF who had been with the company for more than ten years as an HR
27  Generalist and had been respected by many of the management team members and
28  hourly team members.   PLAINTIFF knew, and it was clearly perceived as, she was

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

8

1    being retaliated against because she took the 2015 FMLA/CFRA qualifying leave to

2    recover from the rotator cuff surgery.

3            b.      In addition, PLAINTIFF was reassigned to the night shift,

4    despite WALGREENS' policy to rotate HR Generalists between night and day shifts

5    no earlier than every two years.  PLAINTIFF was rotated back to the night shift

6    after only one year.   Working at nighttime only aggravated her disability, including

7    injuries to her neck and back, as well as carpal tunnel syndrome.   Moreover,

8    PLAINTIFF ran the entire night shift of 300 employees, with help of one HR

9    Specialist, whereas the day shift of the equal number of employees was overseen by

10   a team of no less than five members and usually seven members comprising HR

11   Manager, HR Generalists, and HR Specialists. While having actual knowledge of

12   PLAINTIFF's disability, WALGREENS and DOES 1 through 50, inclusive, and

13   each of them, never initiated an interactive dialogue to determine whether

14   PLAINTIFF needed to change her schedule, or whether she needed additional

15   assistance or any other form of reasonable accommodation for her disability.

16   Moreover, given that PLAINTIFF was subjected to the discriminatory and

17   retaliatory treatment described herein following her return to work and witnessed

18   the mass layoff/termination of her former colleagues, PLAINTIFF was too afraid to

19   ask for change of schedule or any other form of reasonable accommodation.  Simply

20   put, PLAINTIFF was afraid to lose her job if she voiced her concerns.

21           c.      Defendants WALGREENS and DOES 1 through 50, inclusive,

22   and each of them, also failed to give PLAINTIFF equal consideration during her

23   employment.  More specifically, before defendant CEBALLOS was hired as the HR

24   Manager, the position had become available in or around August 2015.  PLAINTIFF

25   applied for the position and was not even granted an in-person interview.

26   In contrast, other external and internal candidates were interviewed by Area HR

27   Manager Jeff Dykhius ("AHRM Dykhius") who visited the Moreno Valley

28   Distribution Center from Salvania, Ohio, to conduct interviews over a period of

9

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel: (818) 860-1340 | Fax: (818) 858-1708

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

approximately one week.  This was despite the fact that PLAINTIFF, throughout her more than 10 years of employment at WALGREENS, had positive performance reviews and was highly regarded by her colleagues and hourly team members. Prior to AHRM Dykhius leaving the Moreno Valley Distribution Center, PLAINTIFF was told that she would be given a phone interview with GM Maciel at a later time.   While PLAINTIFF was given this phone interview, she was not selected for the position for the incredible reason that *the new management team did not know her and that they had never worked with her*.

d.     Defendant WALGREENS eventually hired an *external candidate*—CEBALLOS—as the new HR Manager, who was younger than PLAINTIFF; who was less experienced than PLAINTIFF, especially with respect to the HR matters within the Moreno Valley Distribution Center and the warehouse environment in general; and who PLAINTIFF is informed and believes would have been paid less than the amount of salary PLAINTIFF was then being paid by WALGREENS.    Defendant CEBALLOS started her employment with WALGREENS in or around February 2016 and became PLAINTIFF's direct supervisor.

e.     Once defendant CEBALLOS came onboard in or around February 2016, DEFENDANTS, and each of them, started assigning PLAINTIFF job duties that were not feasible to perform during her night shift.  By way of example, PLAINTIFF was assigned to perform recruitment duties during her night shift and with very little training on the new applicant tracking and reporting system.  PLAINTIFF loved recruitment, but conducting job interviews, giving out job offers, communicating with applicants, or attending career fairs during her scheduled work hours, i.e., from around 9:00 p.m. to around 5:30 a.m. or whenever later her workload was completed, was impossible.  In fact, the nighttime specified herein would be when most of the population in this country would be sleeping, making it extremely difficult to recruit, interview or communicate with people when

10

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1  they were sleeping.  Being assigned the recruitment duties during the nighttime

2  and being denied proper training or assistance only fueled PLAINTIFF's suspicions

3  that DEFENDANTS, and each of them, were deliberately setting PLAINTIFF up to

4  fail because she had a disability, she required a medical leave, and she was a

5  longtime employee whose age was over 40 and whose salary was higher than

6  external candidates like defendant CEBALLOS.

7        f.    Moreover, only after defendant CEBALLOS became

8  PLAINTIFF's direct supervisor, her work performance also started to be unduly

9  scrutinized and criticized.  By way of example, in or around March 2016, defendant

10  CEBALLOS and Area HR Manager Shawna Compton ("AHRM Compton") from

11  Sacramento, California conducted PLAINTIFF's performance review.  This was only

12  one month into CEBALLOS' employment with WALGREENS and monitoring

13  PLAINTIFF's performance, assuming CEBALLOS had any opportunity to do so.

14  PLAINTIFF was rated a 3.0 in every category, which meant, "meeting

15  expectations."  The results were discussed with AHRM Dykhius to develop a plan to

16  help PLAINTIFF be promoted.  It was discussed that CEBALLOS' job was to assist

17  PLAINTIFF in being promoted.

18        g.    Notwithstanding the plan to help PLAINTIFF, CEBALLOS'

19  assistance was lackluster at its best, and she seemed clearly not interested in

20  helping PLAINTIFF to achieve this goal.   Instead of providing guidance and

21  assistance, CEBALLOS deliberately set PLAINTIFF up to fail in the months

22  leading to her wrongful termination in August 2017.  By way of example, in most of

23  their "touch base" meetings, CEBALLOS ridiculed and criticized PLAINTIFF's

24  performance and made impermissible comments about PLAINTIFF's disability and

25  need for taking time off work. CEBALLOS would constantly bring up the fact that

26  PLAINTIFF's team members, including CEBALLOS, had to cover PLAINTIFF's

27  workload while she was out on her medical leaves.  CEBALLOS also complained

28  that she had to come in to work while PLAINTIFF was out, working sometimes

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1   almost 14 hours.  As set forth below in Section C, PLAINTIFF suffered from injuries
2   to her neck and upper back, as well as carpal tunnel syndrome in 2017, which
3   required additional FMLA/CFRA qualifying leaves.  PLAINTIFF had become the
4   constant victim of unlawful harassment by defendant CEBALLOS.

5          h.     In or around October 2016, defendant CEBALLOS conducted
6   PLAINTIFF's performance review for the period of September 1, 2015 to August 31,
7   2016.  CEBALLOS, who had been the HR Manager for approximately six months as
8   of August 2016, rated PLAINTIFF a "2.2/5.0," stating that she was only "partially
9   meeting expectations."  CEBALLOS' performance review of PLAINTIFF came as a
10  shock to PLAINTIFF, as her former supervisors had not rated her performance as
11  low as CEBALLOS in any of the reviews during her 13 years of employment with
12  WALGREENS.   Moreover, CEBALLOS hardly knew of PLAINITFF's work
13  performance, as CEBALLOS had only been PLAINTIFF's direct supervisor for
14  approximately six months and had not enough interactions with PLAINTIFF due to
15  PLAINTIFF being on the night shift and CEBALLOS working mostly during
16  daytime.

17         i.     PLAINTIFF is also informed and believes and based thereon
18  alleges that defendant CEBALLOS' performance review of PLAINTIFF was
19  unjustified, as it was CEBALLOS who had made it extremely difficult for
20  PLAINTIFF to perform her job duties in a satisfactory manner.  Among other
21  things, CEBALLOS purposefully undermined PLAINTIFF by making sure that the
22  HR Specialists whose job duties were to assist HR Generalists, would no longer
23  report to PLAINTIFF.  PLAINTIFF is informed and believes and based thereon
24  alleges that this was done intentionally, maliciously, oppressively, and with the
25  purpose of unlawfully harassing PLAINTIFF, notwithstanding WALGREENS'
26  longstanding policy of having HR Specialists directly report to HR Generalists.
27  Also, as set forth above, performing recruitment-related job duties on PLAINTIFF's
28  night shift was not feasible.  PLAINTIFF believes that DEFENDANTS assigned

COMPLAINT FOR DAMAGES

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 I Fax: (818) 858-1708

1   these onerous job duties to PLAINTIFF and criticized her for allegedly "poor"

2   performance to eventually terminate her.

3           j.      PLAINTIFF is informed and believes, and based thereon alleges,

4   that the aforementioned adverse employment actions taken by DEFENDANTS

5   against PLAINTIFF, were substantially motivated by her age, disability, and

6   exercising her rights under the FEHA, FMLA, and CFRA.

7   **C.      After    PLAINTIFF    Took    Additional    FMLA/CFRA**

8           **Qualifying Leaves in 2017, PLAINTIFF Was Further**

9           **Subjected to Adverse Employment Actions.**

10          22.     In   or   around   March   2017,   PLAINTIFF   properly   notified

11  DEFENDANTS of the need to take another FMLA/CFRA qualifying leave, this time

12  for conditions relating to her neck and upper back, as well as carpal tunnel

13  syndrome.  This request was approved, and PLAINTIFF was placed off work by her

14  physician for a period of approximately six weeks from March 2017 to

15  approximately May 8, 2017 ("the March to May 2017 FMLA/CFRA qualifying

16  leave").   PLAINTIFF was also approved for an intermittent leave from

17  approximately June 27, 2017, to approximately January 7, 2018.  PLAINTIFF took

18  approved leaves of absence from approximately June 27, 2017 to July 2, 2017, and

19  from approximately July 7 to 8, 2017, due to the injuries to her neck and back.

20          23.     Prior to March 2017, PLAINTIFF, as well as other HG Generalists and

21  managers, submitted requests for approval of FMLA/CFRA qualifying leaves to

22  Laura Brown who was GM Maciel's assistant and who had been processing such

23  requests for 14 years.   However, beginning in March 2017, PLAINTIFF was

24  required to submit her requests for FMLA/CFRA qualifying leaves to defendant

25  CEBALLOS for reasons not explained and therefore unknown to PLAINTIFF.

26  PLAINTIFF was not aware of other HR Generalists or managers who were required

27  to do the same.   PLAINTIFF felt uncomfortable given CEBALLOS' harassing

28  conduct toward PLAINTIFF within the last year or so, which PLAINTIFF believed

**COMPLAINT FOR DAMAGES**

was based on her disability, age, exercise of the rights under the FEHA, FMLA, CFRA, and/or combination of any of these protected characteristics. PLAINTIFF was afraid that she would be further harassed, and/or further discriminated or retaliated against, including termination, if she needed to take time off to take care of her health.

24.     On or around May 9, 2017, the day after returning from the March to May 2017 FMLA/CFRA qualifying leave, CEBALLOS called PLAINTIFF into a meeting and placed her on a PIP. PLAINTIFF is informed and believes, and based thereon alleges, that defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, placed PLAINTIFF on the PIP in retaliation for exercising her rights under the FEHA, FMLA, and CFRA. PLAINTIFF is further informed and believes, and based thereon alleges, that defendants WALGREENS and DOES 1 through 50, inclusive, and each of them discriminated against PLAINTIFF on the basis of her disability, age, and/or exercise of the rights under the FEHA, FMLA, and CFRA; and the alleged poor performance and the placement on the PIP were pretextual.

25.     During the May 9, 2017 PIP meeting, defendant CEBALLOS informed PLAINTIFF that she was "not" performing to the level of an HR Generalist. Defendant CEBALLOS also made impermissible comments that PLAINTIFF taking FMLA/CFRA leaves made her colleagues to cover her workload and expressed the difficulty PLAINTIFF's need for medical leaves caused the company.   In addition, CEBALLOS informed PLAINTIFF that PLAINTIFF would solely be responsible for drafting the Action Plan portion of her PIP, which was in contradiction to WALGREENS' policy.   PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS, and each of them, harassed PLAINTIFF on the basis of her disability, age, and exercise of her rights under the FEHA, FMLA, and CFRA; and that alleged poor performance and the placement on the PIP were pretextual.

///

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

14

**COMPLAINT FOR DAMAGES**

26.     PLAINTIFF is informed and believes, and based thereon alleges, that according to WALGREENS' policy, it is the direct supervisor's responsibility to draft the entire PIP, including the Action Plan.   The rationale behind this is so that it allows an employee to have certainty on the areas in which he or she needs to improve and/or complete in order to pass the particular PIP.   This is to ensure that the PIP is conducted objectively and not based on subjective standards.   Moreover, a PIP is utilized to improve an employee's performance, not to punish him or her for misconduct.   PLAINTIFF is informed and believes, and based thereon alleges, that DEFENDANTS and each of them, utilized the PIP in order to punish PLAINTIFF because of her disability; age; exercise of the rights under the FEHA, FMLA, and CRFA; and/or any combination of these characteristics.

27.     As set forth above, upon being placed on the PIP, PLAINTIFF was subjected to periodic "touch base" meetings with defendant CEBALLOS, during which PLAINTIFF was ridiculed and subjected to undue criticism for her alleged "poor" work performance.   Yet, PLAINTIFF was not provided with adequate, objective guidance to improve the alleged "poor" work performance.   In addition, while it was customary for WALGREENS' employees on a PIP to have follow-up meetings with their direct supervisor, such meetings would usually last no longer than 30 minutes.   Nevertheless, CEBALLOS would hold follow-up PIP meetings with PLAINTIFF that lasted two hours, which, obviously, interfered with PLAINTIFF's work hours and performance.

28.     PLAINTIFF is further informed and believes, and based thereon alleges, that it was also WALGREENS' policy for a PIP to last no longer than 60 days, which meant that PLAINTIFF's PIP should have ended on or around July 8, 2017.   However, for PLAINTIFF, her PIP did not end until on or around July 28, 2017, when PLAINTIFF and CEBALLOS met for a final evaluation *at PLAINTIFF'S request.*   During the final evaluation, CEBALLOS, among other things, again unduly criticized PLAINTIFF's work performance, argued that

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

15

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1    PLAINTIFF did not take any ownership of her work (presumably hinting at
2    PLAINTIFF being out on medical leaves), and accused PLAINTIFF of failing to
3    complete items that were not even listed on her Action Plan.   Hence, at this
4    moment, PLAINTIFF saw the writing on the wall, and knew that CEBALLOS had
5    no intention to help PLAINTIFF grow or promote, but wanted to get rid of
6    PLAINTIFF because of her disability, age, and need to take medical leaves.

7         29.   As set forth above, PLAINTIFF took an intermittent FMLA/CFRA
8    qualifying leave from June 27, 2017, to July 2, 2017, relating to her neck and upper
9    back, as well as carpal tunnel syndrome.   Upon return to work, PLAINTIFF
10   informed CEBALLOS of an update on her medical condition and that PLAINTIFF
11   would have to see a specialist on August 26, 2017.   Regardless of their actual
12   knowledge of PLAINTIFF's physical disability, and instead of opening an
13   interactive dialogue with PLAINTIFF regarding her disability, defendant
14   CEBALLOS and GM Maciel assigned a physically taxing assignment to
15   PLAINTIFF.   They requested that PLAINTIFF walk around the entire warehouse,
16   measuring approximately 600,000 square feet and with shelves going up as high as
17   approximately 100 feet, and interview every hourly team member.   PLAINTIFF,
18   who had been suffering from a severe back pain, asked whether she could seek help
19   from her assistant, and was denied this request or any sort of accommodation.
20   Nevertheless, PLAINTIFF performed this assignment by herself.

21        30.   PLAINTIFF was terminated on August 11, 2017.   According to the
22   termination letter from WALGREENS to PLAINTIFF, which was signed by
23   CEBALLOS, the reason for PLAINTIFF's termination was an alleged failure to
24   "show significant and/or sustained improvement in the areas outlined in [the] PIP."

25        31.   PLAINTIFF is informed and believes, and based thereon alleges, that
26   DEFENDANTS intentionally and willfully took the aforementioned adverse
27   employment actions against PLAINTIFF because of her age and her disability; for
28   exercising the rights under the FEHA, FMLA, and CFRA; and/or any combination

of these protected characteristics. The alleged poor performance, the placement on the PIP, and the reasons stated in the August 11, 2017 termination letter from DEFENDANTS to PLAINTIFF were pretextual; and the actual reason for her termination was her disability; age; exercise of the rights under the FEHA, FMLA, and CFRA; or combination of any of these protected categories.

32.     PLAINTIFF is also informed and believes, and based thereon alleges, that the implementation or enforcement of any applicable policies of defendants WALGREENS and DOES 1 through 50, inclusive, and each of theirs, disparately impacted her and others over the age of 40 and/or with actual or perceived disability.

33.     As a result of the aforementioned adverse employment actions committed against PLAINTIFF, PLAINTIFF experienced, and continues to experience extreme emotional distress in the form of stress, severe anxiety, depression, and trouble sleeping.

## FIRST CAUSE OF ACTION
### DISABILITY DISCRIMINATION
**(Violation of California Government Code § 12940(a))**
**(By PLAINTIFF Against Defendants WALGREENS and**
**DOES 1 through 50, inclusive)**

34.     PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

35.     Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, are and at all relevant times herein were "employers" within the meaning of, and are subject to the FEHA, as employers of five (5) or more employees pursuant to section 12926, subdivision (d).

///

///

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

17

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

36.    At all relevant times herein, the FEHA was in full force and effect and was binding upon defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

37.    As such term is used under the FEHA, "on the bases enumerated in this part" means or refers to discrimination on the basis of one or more of the protected characteristics under the FEHA.

38.    Government Code sections 12926 and 12940, and the accompanying regulations shall "be broadly construed to protect applicants and employees from discrimination due to an actual or perceived physical or mental disability or mental condition that is disabling, potentially disabling or perceived to be disabling or potentially disabling." (2 Cal. Code Regs. § 11064(b).) The term "disability . . . shall be construed broadly in favor of expansive coverage by the maximum extent permitted by the terms of the [FEHA]." (*Id.*)

39.    Government Code section 12940, subdivision (a) prohibits an employer from discriminating against a person with a physical or mental disability and/or perceived disability, whether in compensation or in terms, conditions, or privileges of employment.

40.    The FEHA defines "disability" to include (1) "[h]aving a record or history of a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment [that constitutes a physical disability], which is known to the employer"; (2) "[b]eing regarded or treated by the employer . . . as having, or having had, any physical condition that makes achievement of a major life activity difficult"; or (3) "[b]eing regarded or treated by the employer . . . as having, or having had, a disease, disorder, condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present disabling effect but may become a physical disability." (Gov. Code § 12926(k)(3)–(5).)   Under the "regarded as" theory, an actual or existing disability is not necessary. (*Gelfo v. Lockheed Martin Corp.* (2006) 140 Cal.App.4th 34, 52-53).

18

**COMPLAINT FOR DAMAGES**

41. Moreover, "[w]hen an employee can work with a reasonable accommodation other than a leave of absence, an employer may not require that the employee take a leave of absence." (Cal. Code Regs., tit. 2, § 11068(c).)

42. At all relevant times herein, PLAINTIFF suffered a disability with regard to her shoulder, neck, and back, as well as carpal tunnel syndrome, which limited a major life activity, including working.

43. During all relevant times herein, Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, were continuously made aware that PLAINTIFF suffered from a disability.

44. PLAINTIFF further alleges that she was "regarded" by defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, as having had a disease, disorder, condition, or health impairment that had no present disabling effect but may become a physical disability. (Cal. Gov. Code § 12926(m)(5).)

45. As set forth above, at all relevant times herein, PLAINTIFF was a person protected from discrimination on the basis of a "physical disability" and "perceived disability" under the FEHA. PLAINTIFF was able to perform the essential job functions with or without reasonable accommodation for her disability.

46. Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, subjected PLAINTIFF to disparate treatment because of her actual and/or perceived disability; exercise of the rights under the FEHA, FMLA, and CFRA; or any combination of these protected characteristics. PLAINTIFF's actual and/or perceived disability was a substantial motivating factor in said defendants' decision to take adverse employment actions against PLAINTIFF, including, but not limited to:  failing to promote PLAINTIFF to HR Manager, despite her qualifications; denying her a timely, good faith, interactive process; denying her a reasonable accommodation; relocating PLAINTIFF to a small storage closet upon her return from the 2015 FMLA/CFRA qualifying leave; assigning PLAINTIFF to a night shift in violation of WALGREENS' policy, thereby discriminatorily applying

19

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel: (818) 860-1340 | Fax: (818) 858-1708

1  the company policy to PLAINTIFF; placing PLAINTIFF on a PIP upon her return to

2  work from an FMLA/CFRA qualifying leave; assigning physically demanding work

3  to PLAINTIFF upon her return to work from an FMLA/CFRA qualifying leave,

4  despite having actual knowledge that she had been suffering from a physical

5  disability; and wrongfully terminating PLAINTIFF in violation of public policy.

6      47.   PLAINTIFF is informed and believes, and based thereon alleges, that

7  she was subjected to disparate treatment by defendants WALGREENS and DOES

8  1 through 50, inclusive, and each of them, based on her actual and/or perceived

9  disability.

10      48.   PLAINTIFF is also informed and believes, and based thereon alleges,

11  that the implementation or enforcement of any applicable policies of defendants

12  WALGREENS and DOES 1 through 50, inclusive, and each of them, disparately

13  impacted her and others based on their actual and/or perceived disability.

14      49.   As a direct, foreseeable, and proximate result of the foregoing conduct

15  of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

16  as alleged above, PLAINTIFF suffered and continues to suffer lost income, benefits,

17  employment, and career opportunities, as well as other economic loss, the precise

18  amount of which will be proven at trial.

19      50.   As a direct, foreseeable, and proximate result of the foregoing conduct

20  of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

21  as alleged above, PLAINTIFF endured and continues to endure emotional distress,

22  tarnished reputation, and pain and suffering, the precise amount of which will be

23  proven at trial.

24      51.   The foregoing conduct of defendants WALGREENS and DOES

25  1 through 50, inclusive, and each of them, as alleged above, was a substantial factor

26  in causing the aforementioned harm to PLAINTIFF.

27      52.   The foregoing conduct of defendants WALGREENS and DOES

28  1 through 50, inclusive, individually, or by and through their agents and employees,

COMPLAINT FOR DAMAGES

1    was intended by these defendants and/or their officer, director, or managing agent,

2    and each of them, to cause injury to PLAINTIFF or was despicable conduct carried

3    on by these defendants and/or their officer, director, or managing agent, and each of

4    them, with a willful and conscious disregard of PLAINTIFF's rights, such as to

5    constitute malice, oppression, or fraud under California Civil Code section 3294.

6    Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer,

7    director, or managing agent, and each of them, were fully aware of their obligation

8    to not discriminate or retaliate against PLAINTIFF.  Defendants WALGREENS

9    and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent,

10   and each of them, were aware and conscious of PLAINTIFF's rights and yet, they

11   chose to ignore and disregard them.  In light of the outrageous and malicious

12   conduct of defendants WALGREENS and DOES 1 through 50, inclusive, and/or

13   their officer, director, or managing agent, and each of them, PLAINTIFF seeks an

14   award of punitive damages in an amount appropriate to punish or make an example

15   of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

16       53.    As a result of the foregoing conduct of defendants WALGREENS and

17   DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF

18   incurred and continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to,

19   and demands, an award of reasonable attorney's fees and costs pursuant to

20   Government Code section 12965, subdivision (b).

21       Wherefore, PLAINTIFF prays for judgment as set forth below.

22                          **SECOND CAUSE OF ACTION**

23          **FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

24             **(Violation of California Government Code § 12940(m))**

25                  **(By PLAINTIFF Against Defendants WALGREENS and**

26                          **DOES 1 through 50, inclusive)**

27       54.    PLAINTIFF repeats and re-alleges the allegations set forth above, and

28   incorporates the same by reference as though fully set forth herein.

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

55. At all times relevant hereto, the FEHA, including in particular Government Code sections 12940 and 12926, was in full force and effect and was binding upon defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

56. Government Code section 12940, subdivision (m) provides that it is an unlawful employment practice "[f]or an employer . . . to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee."

57. Government Code section 12926, subdivision (p) provides that reasonable accommodation may include either of the following: (1) making existing facilities used by employees readily accessible to, and usable by, individuals with disabilities; or (2) job restricting, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devises, adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

58. In California, an employer "is required to consider any and all reasonable accommodations of which it is aware or that are brought to its attention" by an employee, unless they pose an undue hardship. (Cal. Code Regs., tit. 2, § 11068(e).)

59. The employer "shall consider the preference of the applicant or employee to be accommodated, but has the right to select and implement an accommodation that is effective for both the employee and the employer or other covered entity." (*Id.*)

60. Unless the employer proves an undue hardship, "[a]n individual with a record of a disability may be entitled . . . to a reasonable accommodation if needed and related to the residual effects of the disability," including approving "a leave or a schedule change to permit him or her to attend follow-up or monitoring

22

**COMPLAINT FOR DAMAGES**

1  appointments with a health care provider." (Cal. Code Regs., tit. 2, § 11068(g).)

2  61.  At all relevant times herein, PLAINTIFF suffered a disability with

3  regard to her shoulder, neck and back, as well as carpal tunnel syndrome, which

4  limited a major life activity, including working.  PLAINTIFF is informed and

5  believes, and based thereon alleges, that she was able to perform the essential job

6  functions with or without reasonable accommodation for her disability.

7  62.  As set forth above, defendants WALGREENS and DOES 1 through 50,

8  inclusive, and each of them, failed to provide, and did not even consider, a

9  reasonable accommodation for PLAINTIFF's disability, including, but not limited

10  to, changing PLAINTIFF's schedule or preventing PLAINTIFF from performing

11  physically demanding work.  PLAINTIFF is informed and believes, and based

12  thereon alleges, that instead of performing their obligations under the FEHA,

13  defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

14  chose to reprimand and terminate PLAINTIFF because, among other reasons, she

15  suffered from a disability, required a reasonable accommodation, and took

16  FMLA/CFRA qualifying leaves.

17  63.  As a direct, foreseeable, and proximate result of the foregoing conduct

18  of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

19  as alleged above, PLAINTIFF suffered and continues to suffer lost income, benefits,

20  employment, and career opportunities, as well as other economic loss, the precise

21  amount of which will be proven at trial.

22  64.  As a direct, foreseeable, and proximate result of the foregoing conduct

23  of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

24  as alleged above, PLAINTIFF has endured and continues to endure emotional

25  distress, tarnished reputation, and pain and suffering, the precise amount of which

26  will be proven at trial.

27  ///

28  ///

23

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

65. The foregoing conduct of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, was a substantial factor in causing the aforementioned harm to PLAINTIFF.

66. The foregoing conduct of defendants WALGREENS and DOES 1 through 50, inclusive, individually, or by and through their agents and employees, was intended by these defendants and/or their officer, director, or managing agent, and each of them, to cause injury to PLAINTIFF or was despicable conduct carried on by these defendants and each of them, and/or their officer, director, or managing agent with a willful and conscious disregard of PLAINTIFF's rights, such as to constitute malice, oppression, or fraud under California Civil Code section 3294. Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent, and each of them, were fully aware of their obligation to not discriminate or retaliate against PLAINTIFF. Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent, and each of them, were aware and conscious of PLAINTIFF's rights and yet, they chose to ignore and disregard them. In light of the outrageous and malicious conduct of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, and/or their officer, director, or managing agent, PLAINTIFF seeks an award of punitive damages in an amount appropriate to punish or make an example of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

67. As a result of the foregoing conduct of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and continues to incur attorneys' fees and costs. PLAINTIFF is entitled to, and demands, an award of reasonable attorney's fees and costs pursuant to Government Code section 12965, subdivision (b).

Wherefore, PLAINTIFF prays for judgment as set forth below.

///

///

24

COMPLAINT FOR DAMAGES

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN A TIMELY, GOOD FAITH, INTERACTIVE PROCESS

### (Violation of California Government Code § 12940(n))

### (By PLAINTIFF Against Defendants WALGREENS and DOES 1 through 50, inclusive)

68.     PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

69.     At all times relevant hereto, the FEHA was in full force and effect and was binding upon defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

70.     The FEHA makes it an unlawful employment practice to fail to engage in a timely, good faith, interactive process with an employee and/or the employee's physician to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical or mental disability or medical condition.  (Cal. Gov. Code § 12940(n).)

71.     Moreover, an employer "has an affirmative duty to make reasonable accommodation(s) for the disability of any individual applicant or employee if the employer . . . knows of the disability, unless the employer . . . can demonstrate, *after engaging in the interactive process*, that the accommodation would impose an undue hardship."  (Cal. Code Regs., tit. 2, § 11068(a) (emphasis added).)

72.     Furthermore, if there is a need to "identify or implement an effective, reasonable accommodation for an employee or applicant with a disability, the FEHA requires *a timely, good faith, interactive process* between an employer or other covered entity and an applicant, employee, or the individual's representative, with a known physical or mental disability or medical condition."  (Cal. Code Regs., tit. 2, § 11069(a).)  During such an interactive process, both the employer and the employee, or his or her representative, must exchange "essential information identified" in

25

title 2, section 11069 of the California Code of Regulations, *"without delay or obstruction of the process."* (*Id.* [emphasis added].)

73.   An employer is required to initiate an interactive process when:

(1) an applicant or employee with a known physical or mental disability or medical condition requests reasonable accommodations;

(2) the employer . . . becomes aware of the need for an accommodation through a third party or by observation; or

(3) the employer . . . becomes aware of the possible need for an accommodation because the employee with a disability has exhausted leave under the California Worker's Compensation Act, for the employee's own serious health condition under the CFRA and/or the [Family Medical Leave Act] . . . and yet the employee or the employee's health care provider indicates that further accommodation is still necessary for recuperative leave or other accommodation for the employee to perform the essential functions of the job."

(Cal. Code Regs, tit. 2, § 11069(b).)

74.   An employer is required to follow the procedures outlined in Title 2, sections 11069, subdivisions (c)(1) through (c)(9) of the California Code of Regulations when engaging in the interactive process and assessing whether an employee may be accommodated through an alternate position or any other potential accommodations.

75.   At all material times alleged herein, PLAINTIFF suffered from a disability with regard to her shoulder, neck, and back, as well as carpal tunnel syndrome, which limited a major life activity, including working. PLAINTIFF was able to perform the essential job functions with or without a reasonable accommodation for her disability.

76.   At all relevant times herein, defendants WALGREENS and DOES 1 through 50, inclusive, and each of them were continuously on notice of, and had actual knowledge of, PLAINTIFF's disability starting in or around April 2015. Nevertheless, defendants WALGREENS and DOES 1 through 50, inclusive, and

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 I Fax: (818) 858-1708

26

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Site 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1   each of them failed to engage in a timely, good faith, interactive process with
2   PLAINTIFF to determine whether PLAINTIFF required a reasonable
3   accommodation to perform her job duties to said defendants' satisfaction and/or
4   defendant CEBALLOS' subjective criteria.    While defendant WALGREENS
5   approved PLAINTIFF's FMLA/CFRA qualifying leaves, PLAINTIFF was never
6   given an interactive meeting to determine whether a reasonable accommodation
7   would have helped PLAINTIFF achieve above the alleged poor performance and
8   meet the goal suggested by AHRM Dykhius in or around March 2016 or raised by
9   the May 2017 PIP.  Instead of being provided with a reasonable accommodation,
10  PLAINTIFF was assigned physically demanding work notwithstanding her physical
11  ailments, in total disregard of PLAINTIFF's rights under the FEHA.

12      77.    As articulated more fully above, among other egregious violations of
13  the law, defendants WALGREENS and DOES 1 through 50, inclusive, and each of
14  them, failed and refused to meaningfully discuss any reasonable accommodation
15  with PLAINTIFF and terminated PLAINTFF on August 11, 2017, who was on an
16  intermittent FMLA/CFRA qualifying leave at the time.   PLAINTIFF was also
17  scheduled to see a specialist on August 26, 2017, and notified defendant
18  CEBALLOS of the same upon PLAINTIFF's return from her FMLA/CFRA leave on
19  July 2, 2017.  From approximately May 2015, until PLAINTIFF was wrongfully
20  terminated on or around August 11, 2017, defendants WALGREENS and DOES
21  1 through 50, inclusive, and each of them, received ample notice of PLAINTIFF's
22  disability and need for a reasonable accommodation.  PLAINTIFF is informed and
23  believes that, and based thereon alleges, that DEFENDANTS ultimately chose to
24  terminate PLAINTIFF because she suffered from a disability, required a reasonable
25  accommodation, and took FMLA/CFRA qualifying leaves.

26      78.    As a direct, foreseeable, and proximate result of the foregoing conduct
27  of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,
28  as alleged above, PLAINTIFF suffered and continues suffer lost income, benefits,

27

**COMPLAINT FOR DAMAGES**

1    employment, and career opportunities, as well as other economic loss, the precise

2    amount of which will be proven at trial.

3         79.    As a direct, foreseeable, and proximate result of the foregoing conduct

4    of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

5    as alleged above, PLAINTIFF endured and continues to endure emotional distress,

6    tarnished reputation, and pain and suffering, the precise amount of which will be

7    proven at trial.

8         80.    The foregoing conduct of defendants WALGREENS and DOES

9    1 through 50, inclusive, and each of them, was a substantial factor in causing the

10   aforementioned harm to PLAINTIFF.

11        81.    The foregoing conduct of defendants WALGREENS and DOES

12   1 through 50, inclusive, individually, or by and through their agents and employees,

13   was intended by these defendants and/or their officer, director, or managing agent,

14   and each of them, to cause injury to PLAINTIFF or was despicable conduct carried

15   on by these defendants and/or their officer, director, or managing agent, and each of

16   them, with a willful and conscious disregard of PLAINTIFF's rights, such as to

17   constitute malice, oppression, or fraud under California Civil Code section 3294.

18   Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer,

19   director, or managing agent, and each of them, were fully aware of their obligation

20   to not discriminate or retaliate against PLAINTIFF.   Defendants WALGREENS

21   and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent,

22   and each of them, were aware and conscious of PLAINTIFF's rights and yet, they

23   chose to ignore and disregard them.   In light of the outrageous and malicious

24   conduct of defendants WALGREENS and DOES 1 through 50, inclusive, and each of

25   them, and/or their officer, director, or managing agent, PLAINTIFF seeks an award

26   of punitive damages in an amount appropriate to punish or make an example of

27   defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

28   ///

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

82.     As a result of the foregoing conduct of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to, and demands, an award of reasonable attorney's fees and costs pursuant to Government Code section 12965(b).

Wherefore, PLAINTIFF prays for judgment as set forth below.

## FOURTH CAUSE OF ACTION

### RETALIATION FOR EXERCISING RIGHTS UNDER THE CFRA

### (Violation of Gov. Code, § 12945.2)

### (By PLAINTIFF Against Defendants WALGREENS and

### DOES 1 through 50, inclusive)

83.     PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

84.     Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, are, and were at all relevant times, "employers" within the meaning of, and are subject to the CFRA, as employers of 50 or more employees within 75 miles of the worksite where PLAINTIFF was employed.  (Gov. Code § 12945.2, subd. (b) & (c)(2)(A).)

85.     At all times material herein, the CFRA was in full force and effect and was binding upon defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

86.     The CFRA prohibits covered employers from refusing to grant a request by any employee with more than 12 months of service with the employer, and who has at least 1,250 hours of service with the employer during the previous 12-month period, to take up to a total of 12 workweeks in any 12-month period for family care and medical leave (hereinafter referred to as "CFRA leave").

87.     The CFRA also prohibits a covered employer from interfering with the rights guaranteed by the statute, including retaliating against a qualified employee

29

**COMPLAINT FOR DAMAGES**

1    who takes medical leave to care for her own medical condition. Such prohibited

2    conduct includes, but is not limited to, termination, demotion, or any other adverse

3    employment action that affects the terms and conditions of employment negatively.

4        88.    During all material times alleged herein, PLAINTIFF qualified for,

5    and took, multiple CFRA leaves due to her own serious medical condition that

6    required continuing treatment or continuing supervision by her doctor.

7    PLAINTIFF provided verbal and written notices, as set forth above, to make

8    defendants WALGREENS and DOES 1 through 50, inclusive, and their agents and

9    employees, and each of them, aware that PLAINTIFF needed a CFRA qualifying

10   leave and the reason(s) for said leave, and the anticipated timing and duration of

11   the leave.

12       89.    In the months leading up to her termination of employment with

13   WALGREENS, PLAINTIFF took CFRA leaves from approximately March 23, 2017

14   to May 7, 2017; from June 27, 2017 to July 2, 2017; and then from July 7 to 8, 2017.

15   At the time of her termination on August 11, 2017, PLAINTIFF was on an approved

16   intermittent CFRA leave at her physician's request because her disability required

17   a continuing treatment and continuing supervision by her doctor. Defendants

18   WALGREENS and DOES 1 through 50, inclusive, and each of them, were also well

19   aware that PLAINTIFF was scheduled to see a specialist on August 26, 2017, which

20   would have required PLAINTIFF to take an additional CFRA leave.

21       90.    PLAINTIFF is informed and believes, and based thereon alleges, that

22   defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

23   terminated PLAINTIFF's employment because she took CFRA leaves, among other

24   reasons. PLAINTIFF is also informed and believes, and based thereon alleges, that

25   her taking CFRA qualifying leaves was a substantial motivating reason for said

26   defendants' discriminating and retaliating against, and harassing, PLAINTIFF

27   during employment and terminating PLAINTIFF on August 11, 2017. In taking

28   these adverse employment actions against PLAINTIFF, defendants WALGREENS

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

30

**COMPLAINT FOR DAMAGES**

1    and DOES 1 through 50, inclusive, and each of them, engaged in an unlawful

2    employment practice in violation of the CFRA and California Code of Regulations

3    section 11094.

4         91.   As a direct, foreseeable, and proximate result of DEFENDANTS'

5    conduct, as alleged above, PLAINTIFF suffered and continues to suffer lost income,

6    benefits, employment, and career opportunities, as well as other economic loss, the

7    precise amount of which will be proven at trial.

8         92.   As a direct, foreseeable, and proximate result of the foregoing conduct,

9    of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

10   as alleged above, PLAINTIFF endured and continues to endure emotional distress,

11   tarnished reputation, and pain and suffering, the precise amount of which will be

12   proven at trial.

13        93.   The foregoing conduct of defendants WALGREENS and DOES

14   1 through 50, inclusive, and each of them, was a substantial factor in causing the

15   aforementioned harm.

16        94.   The foregoing conduct of defendants WALGREENS and DOES

17   1 through 50, inclusive, individually, or by and through their agents and employees,

18   and each of them, was intended by said defendants and/or their officer, director, or

19   managing agent, and each of them, to cause injury to PLAINTIFF or was despicable

20   conduct carried on by said defendants and/or their officer, director, or managing

21   agent, and each of them, with a willful and conscious disregard of PLAINTIFF's

22   rights, such as to constitute malice, oppression, or fraud under California Civil Code

23   section 3294. DEFENDANTS and/or their officer, director, or managing agent were

24   fully aware of their obligation to not discriminate or retaliate against PLAINTIFF.

25   Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer,

26   director, or managing agent, and each of them, were aware and conscious of

27   PLAINTIFF's rights and yet, they chose to ignore and disregard them.  In light of

28   the outrageous and malicious conduct of defendants WALGREENS and DOES 1

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Site 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

31

**COMPLAINT FOR DAMAGES**

1  through 50, inclusive, and/or their officer, director, or managing agent, and each of

2  them, PLAINTIFF seeks an award of punitive damages in an amount appropriate

3  to punish or make an example of said defendants and each of them.

4      95.    As a result of the foregoing conduct of defendants WALGREENS and

5  DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF

6  incurred and continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to,

7  and, demands, an award of reasonable attorney's fees and costs pursuant to

8  Government Code section 12965, subdivision (b).

9      Wherefore, PLAINTIFF prays for judgment as set forth below.

10                        **FIFTH CAUSE OF ACTION**

11  **RETALIATION FOR EXERCISING THE RIGHTS UNDER THE FEHA**

12        **(Violation of California Government Code § 12940(h))**

13            **(By PLAINTIFF Against Defendants WALGREENS and**

14                    **DOES 1 through 50, inclusive)**

15      96.    PLAINTIFF repeats and re-alleges the allegations set forth above, and

16  incorporates the same by reference as though fully set forth herein.

17      97.    At all times relevant hereto, the FEHA, including in particular

18  California Government Code section 12940, subdivision (h), was in full force and

19  effect and was binding upon defendants WALGREENS and DOES 1 through 50,

20  inclusive, and each of them.

21      98.    California Government Code section 12940, subdivision (h) prohibits

22  covered employers and/or persons from retaliating against employees for exercising

23  any rights under the FEHA.

24      99.    Furthermore, title 2, section 11068(g) of the California Code of

25  Regulations provides that when an employee requires "time away from the job for

26  treatment or recovery," granting a FMLA/CFRA qualifying leave could be a

27  reasonable accommodation to the extent "that the leave is likely to be effective in

28  allowing the employee to return to work at the end of the leave, with or without

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

32

1  further reasonable accommodation, and does not create an undue hardship for the
2  employer."

3     100.  PLAINTIFF exercised her rights under the FEHA and engaged in
4  legally protected activity by requesting a reasonable accommodation for her
5  disability numerous times since approximately May 2015.  Instead of performing
6  their obligations under the FEHA by engaging in a timely, good faith, interactive
7  process, defendants WALGREENS and DOES 1 through 50, inclusive, and each of
8  them, retaliated against PLAINTIFF.  Such retaliatory conduct included, but was
9  not limited to, placing PLAINTIFF in a storage closet upon returning from the 2015
10 FMLA/CFRA qualifying leave in August 2015, for approximately one year;
11 criticizing PLAINTIFF's performance while she was suffering from a physical
12 disability in March 2017; placing PLAINTIFF on the PIP upon returning to work
13 after the March to May 2017 FMLA/CFRA qualifying leave concluded; assigning
14 physically demanding work to PLAINTIFF upon her return to work from the July 7
15 to 8, 2017 FMLA/CFRA qualifying leave (i.e., making PLAINTIFF work around the
16 approximately 600,000 square foot warehouse without any help and
17 notwithstanding said defendants' actual knowledge that she was recovering from a
18 back injury); and then terminating PLAINTIFF.  PLAINTIFF's exercise of her
19 rights under the FEHA was a substantial motivating reason for DEFENDANTS's
20 retaliation against PLAINTIFF.

21    101.  As a direct, foreseeable, and proximate result of the foregoing conduct
22 of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,
23 as alleged above, PLAINTIFF suffered and continues to suffer lost income, benefits
24 employment, and career opportunities, as well as other economic loss, the precise
25 amount of which will be proven at trial.

26    102.  As a direct, foreseeable, and proximate result of the foregoing conduct
27 of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,
28 as alleged above, PLAINTIFF endured and continues to endure emotional distress,

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 IFax: (818) 858-1708

33

**COMPLAINT FOR DAMAGES**

1   tarnished reputation, and pain and suffering, the precise amount of which will be

2   proven at trial.

3       103.   The foregoing conduct of defendants WALGREENS and DOES

4   1 through 50, inclusive, and each of them, was a substantial factor in causing the

5   aforementioned harm to PLAINTIFF.

6       104.   The foregoing conduct of defendants WALGREENS and DOES

7   1 through 50, inclusive, individually, or by and through their agents and employees,

8   was intended by DEFENDANTS and/or their officer, director, or managing agent,

9   and each of them, to cause injury to PLAINTIFF or was despicable conduct carried

10  on by said defendants and/or their officer, director, or managing agent with a willful

11  and conscious disregard of PLAINTIFF's rights, such as to constitute malice,

12  oppression, or fraud under California Civil Code section 3294.   Defendants

13  WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, or

14  managing agent, and each of them, were fully aware of their obligation to not

15  discriminate or retaliate against PLAINTIFF.   Defendants WALGREENS and

16  DOES 1 through 50, inclusive, and/or their officer, director, or managing agent, and

17  each of them, were aware and conscious of PLAINTIFF's rights and yet, they chose

18  to ignore and disregard them.  In light of the outrageous and malicious conduct of

19  defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer,

20  director, or managing agent, and each of them, PLAINTIFF seeks an award of

21  punitive damages in an amount appropriate to punish or make an example of said

22  defendants.

23      105.   As a result of the foregoing conduct of defendants WALGREENS and

24  DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF

25  incurred and continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to,

26  and demands, an award of reasonable attorney's fees and costs pursuant to

27  Government Code section 12965, subdivision (b).

28      Wherefore, PLAINTIFF prays for judgment as set forth below.

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

34

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

### SIXTH CAUSE OF ACTION

### AGE DISCRIMINATION

### (Violation of California Government Code § 12940(a))

### (By PLAINTIFF Against Defendants WALGREENS and

### DOES 1 through 50, inclusive)

106.   PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

107.   At all times relevant hereto, the FEHA was in full force and effect and was binding upon defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

108.   The FEHA, specifically California Government Code section 12940(a), makes it an unlawful employment practice to discriminate against a person in compensation or in terms, conditions, or privileges of employment on the basis of age.

109.   The FEHA, specifically California Government Code section 12941, prohibits an employer from using salary as the basis for differentiating between employees when terminating employment, if use of that criterion adversely impacts older workers as a group.  The FEHA also allows the disparate impact theory of proof to be used in claims of age discrimination.  Furthermore, when applying the FEHA to age discrimination claims, the courts must interpret the statute "broadly and vigorously, in a manner comparable to prohibitions against sex and race discrimination, and *with the goal of not only protecting older workers as individuals, but also of protecting older workers as a group, since they face unique obstacles in the later phases of their careers.*"  (Cal. Gov. Code § 12941, italics added.)

110.   PLAINTIFF alleges that she was subjected to disparate treatment because of her age, over 40, during her employment with defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

///

35

**COMPLAINT FOR DAMAGES**

111.   At all material times mentioned herein, PLAINTIFF was over the age of 40.   PLAINTIFF was over the age of 40 at the time she was denied the opportunity to be considered for and placed in the HR Manager position that had become available in or around August 2015.   PLAINTIFF was also over the age of 40 at the time she was wrongfully terminated in August 2017, on the basis of her age. As such, PLAINTIFF is in a group protected by the FEHA based on her age.

112.   Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, are therefore strictly liable for the unlawful and discriminatory conduct pursuant to California Government Code sections 12900, et seq., and sections 12940 and 12941, in particular.

113.   PLAINTIFF alleges upon information and belief that defendants WALGREENS and DOES 1 through 50, inclusive, and other agents and employees of these defendants, and each of them, had and has a history of discriminating against individuals over the age of 40, which history was known to defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, managing agent, and each of them.   Despite such knowledge, defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, managing agent, and each of them, callously chose to ignore the rights of their employees to be free from discrimination in favor of its own interests and those of its managerial employees.

114.   PLAINTIFF is informed and believes, and based thereon alleges, that although she had wealth of knowledge about the HR-related matters at the Moreno Valley Distribution Center and qualified for the HR Manager position, she was not even considered for an in-person interview on the basis of her age.   PLAINTIFF is also informed and believes, and based thereon allege, that the new management's reason that they had not worked with PLAINTIFF and did not know her was pretextual, as defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, hired defendant CEBALLOS, who was an external candidate.

36

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1   PLAINTIFF is further informed and believes, and based thereon alleges, that
2   CEBALLOS is younger and less experienced than PLAINTIFF, especially with
3   regard to the HR-related matters at the Moreno Valley Distribution Center; and she
4   would have been paid less than the amount of salary PLAINTIFF was then being
5   paid by defendant WALGREENS at the time it hired defendant CEBALLOS.
6   PLAINTIFF is further informed and believes, and based thereon alleges, that
7   DEFENDANTS set her up to fail so that they could eventually fire her because she
8   had been a longtime employee whose salary was higher than external candidates
9   like CEBALLOS. Defendants WALGREENS and DOES 1 through 50, inclusive,
10  and each of them, used salary as the basis of differentiating PLAINTIFF and other
11  similarly situated former employees of WALGREENS and making the decision to
12  terminate them, in total disregard of the FEHA.

13      115. The policy, practice, routine and pervasive discrimination of
14  defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,
15  against PLAINTIFF and employees over the age of 40 causes individuals who are
16  similarly situated as PLAINTIFF to be demonstrably disadvantaged by depriving
17  said individuals from continuing gainful employment with DEFENDANTS, despite
18  superior qualifications and job performance. Furthermore, such policy and practice
19  of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,
20  were not justified by any business necessity.

21      116. As a direct, foreseeable, and proximate result of the foregoing conduct
22  of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,
23  as alleged above, PLAINTIFF suffered and continues to suffer lost income, benefits,
24  employment, and career opportunities, as well as other economic loss, the precise
25  amount of which will be proven at trial.

26      117. As a direct, foreseeable, and proximate result the foregoing conduct of
27  defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, as
28  alleged above, PLAINTIFF has endured and continues to endure emotional distress,

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Site 300
Burbank, CA 91505
Tel: (818) 860-1340 | Fax: (818) 858-1708

37

COMPLAINT FOR DAMAGES

1  tarnished reputation, and pain and suffering, the precise amount of which will be

2  proven at trial.

3      118.  The foregoing conduct of defendants WALGREENS and DOES

4  1 through 50, inclusive, and each of them, was a substantial factor in causing the

5  aforementioned harm to PLAINTIFF.

6      119.  The foregoing conduct of defendants WALGREENS and DOES

7  1 through 50, inclusive, individually, or by and through their agents and employees,

8  was intended by said defendants and/or their officer, director, or managing agent,

9  and each of them, to cause injury to PLAINTIFF or was despicable conduct carried

10 on by defendants WALGREENS and DOES 1 through 50, inclusive, and/or their

11 officer, director, or managing agent, and each of them, with a willful and conscious

12 disregard of PLAINTIFF's rights, such as to constitute malice, oppression, or fraud

13 under Civil Code section 3294.  Defendants WALGREENS and DOES 1 through 50,

14 inclusive, and/or their officer, director, or managing agent, and each of them, were

15 fully aware of their obligation to not discriminate or retaliate against PLAINTIFF.

16 Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer,

17 director, or managing agent, and each of them, were aware and conscious of

18 PLAINTIFF's rights and yet, they chose to ignore and disregard them.  In light of

19 the outrageous and malicious conduct of defendants WALGREENS and DOES

20 1 through 50, inclusive, and/or their officer, director, or managing agent, and each

21 of them, PLAINTIFF seeks an award of punitive damages in an amount appropriate

22 to punish or make an example of said defendants and each of them.

23     120.  As a result of the foregoing conduct of defendants WALGREENS and

24 DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF

25 incurred and continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to,

26 and demands, an award of reasonable attorney's fees and costs pursuant to

27 Government Code section 12965(b).

28     Wherefore, PLAINTIFF prays for judgment as set forth below.

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Site 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

## SEVENTH CAUSE OF ACTION

### HOSTILE WORK ENVIRONMENT HARASSMENT

### (Violation of California Government Code § 12940(k))

### (By PLAINTIFF Against All DEFENDANTS)

121.   PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

122.   At all times relevant hereto, the FEHA was in full force and effect and was binding upon DEFENDANTS and each of them.

123.   As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

124.   At all times relevant hereto, the FEHA required DEFENDANTS to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon her disability, age, and engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove, which includes an obligation to protect DEFENDANTS' employees from harassment by a supervisor to which the employee is subjected at work.

125.   DEFENDANTS' harassing conduct was severe or pervasive, was unwelcome by PLAINTIFF, and a reasonable person in PLAINTIFF's circumstances would have considered the work environment to be hostile and/or abusive.  As set forth above, defendant CEBALLOS constantly, for a period of approximately one and one-half years, made harassing and derogatory comments toward PLAINTIFF on the basis of her disability and need to take medical leaves.  Instead of engaging in an interactive dialogue with PLAINTIFF who suffered from a physical disability and whose alleged poor performance might have been a result of her physical ailments, DEFENDANTS intentionally and deliberately assigned physically demanding work schedule and job duties to PLAINTIFF, on the basis of her ///

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1   disability; age; exercise of the rights under the FEHA, FMLA, and CFRA; or
2   combination of any of these characteristics.

3          126.   The above said acts were perpetrated upon PLAINTIFF by supervisors
4   (e.g., defendant CEBALLOS and GM Maciel), and defendants WALGREENS and
5   DOES 1 through 50, inclusive, and each of them, knew or should have known of the
6   conduct but failed to take immediate and appropriate corrective action.

7          127.   DEFENDANTS violated the FEHA and the public policy of the State of
8   California, which is embodied in the FEHA, by creating a hostile work environment
9   and harassing PLAINTIFF because of her disability, age, and engagement in
10   protected activities, and/or some combination of these protected characteristics, as
11   set forth hereinabove.

12          128.   The above said acts of DEFENDANTS constitute violations of the
13   FEHA and violations of the public policy of the State of California.  Such violations
14   were a proximate cause in PLAINTIFF's damage as stated below.

15          129.   As a direct and proximate result of the above-described acts of
16   DEFENDANTS, PLAINTIFF has suffered, and will continue to suffer, economic
17   damages, including lost wages and benefits, as well as other compensatory damages
18   in an amount to be ascertained at the time of trial.

19          130.   As a further direct and proximate result of the above-described acts of
20   DEFENDANTS, PLAINTIFFF has suffered, and will continue to suffer, emotional
21   distress; and has been generally damaged in an amount to be ascertained at the
22   time of trial.

23          131.   The foregoing conduct of DEFENDANTS, individually, or by and
24   through their agents and employees, was intended by said defendants and/or their
25   officer, director, or managing agent, and each of them, to cause injury to
26   PLAINTIFF or was despicable conduct carried on by DEFENDANTS, and/or their
27   officer, director, or managing agent, and each of them, with a willful and conscious
28   disregard of PLAINTIFF's rights, such as to constitute malice, oppression, or fraud

1     under Civil Code section 3294.  DEFENDANTS, and/or their officer, director, or

2     managing agent, and each of them, were fully aware of their obligation to not

3     discriminate or retaliate against PLAINTIFF.  DEFENDANTS, and/or their officer,

4     director, or managing agent, and each of them, were aware and conscious of

5     PLAINTIFF's rights and yet, they chose to ignore and disregard them.  In light of

6     the outrageous and malicious conduct of DEFENDANTS, and/or their officer,

7     director, or managing agent, and each of them, PLAINTIFF seeks an award of

8     punitive damages in an amount appropriate to punish or make an example of said

9     defendants and each of them.

10       132.   As a result of DEFENDANTS' conduct, as alleged above, PLAINTIFF

11     incurred and continues to incur attorneys' fees and costs.  PLAINTIFF is entitled to,

12     and demands, an award of reasonable attorney's fees and costs pursuant to

13     Government Code section 12965(b).

14       Wherefore, PLAINTIFF prays for judgment as set forth below.

15                  **SEVENTH CAUSE OF ACTION**

16    **FAILURE TO PREVENT DISCRIMINATION, RETALIATION, AND**

17                      **HARASSMENT**

18       **(Violation of California Government Code § 12940(k))**

19        **(By PLAINTIFF Against Defendants WALGREENS and**

20           **DOES 1 through 50, inclusive)**

21       133.   PLAINTIFF repeats and re-alleges the allegations set forth above, and

22     incorporates the same by reference as though fully set forth herein.

23       134.   At all relevant times, the FEHA, including in particular Government

24     Code section 12940, subdivision (k), was in full force and effect and was binding

25     upon defendants WALGREENS and DOES 1 through 50, inclusive, and each of

26     them.  This subdivision imposes a duty on employers to take all reasonable steps

27     necessary to prevent discrimination, harassment, and retaliation from occurring,

28     including the institution by employer of policies, procedures and practices that

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 I Fax: (818) 858-1708

41

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1  include prompt and effective remedial procedures, and appropriate training,
2  monitoring and disciplinary measures.  As alleged above, DEFENDANTS violated
3  this subdivision and breached their duty by failing to take all reasonable steps
4  necessary to prevent discrimination, retaliation, or harassment from occurring.

5  135.  Defendants WALGREENS and DOES 1 through 50, inclusive, and
6  each of them intentionally and willfully discriminated and retaliated against, and
7  harassed, PLAINTIFF on the basis of her physical disability and/or perceived
8  disability, her age, and her exercise of the rights under the FEHA with respect to
9  her disability.   DEFENDANTS, and each of them, intentionally and willfully
10  harassed PLAINTIFF and subjected her to a hostile work environment on the basis
11  of her physical disability and/or perceived disability, her age, and her exercise of the
12  rights under the FEHA and CFRA.   The policies, procedures, and practices of
13  defendants WALGREENS and DOES 1 through 50, inclusive, were inadequate for
14  preventing, monitoring, and remedying discrimination, retaliation, or hostile work
15  environment harassment.   To the extent that any such policies, procedures and
16  practices existed, employees, including supervisors and agents, were insufficiently
17  trained or made aware of those policies and procedures for the policies and
18  procedures to prevent discrimination, retaliation, or harassment from
19  occurring. Once defendants WALGREENS and DOES 1 through 50, inclusive, and
20  each of them, were made aware of discriminatory, retaliatory, and harassing
21  conduct by a supervisor, agent, or employee, they failed to take measures to prevent
22  unlawful discrimination, retaliation, and harassment against PLAINTIFF.

23  136.  As a direct, foreseeable, and proximate result of the foregoing conduct
24  of defendants WALGREENS and DOES 1 through 50, inclusive, as alleged above,
25  PLAINTIFF suffered and continues to suffer lost income, benefits, employment, and
26  career opportunities, as well as other economic loss, the precise amount of which
27  will be proven at trial.
28  ///

**COMPLAINT FOR DAMAGES**

137.   As a direct, foreseeable, and proximate result of the foregoing conduct of defendants WALGREENS and DOES 1 through 50, inclusive, as alleged above, PLAINTIFF endured and continues to endure emotional distress, tarnished reputation, and pain and suffering, the precise amount of which will be proven at trial.

138.   The foregoing conduct of defendants WALGREENS and DOES 1 through 50, inclusive, was a substantial factor in causing the aforementioned harm to PLAINTIFF.

139.   The foregoing conduct of Defendants WALGREENS and DOES 1 through 50, inclusive, individually, or by and through their agents and employees, was intended by said defendants and/or their officer, director, or managing agent, and each of them, to cause injury to PLAINTIFF or was despicable conduct carried on by said defendants and/or their officer, director, or managing agent, and each of them, with a willful and conscious disregard of PLAINTIFF's rights, such as to constitute malice, oppression, or fraud under California Civil Code section 3294. Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent, and each of them, were fully aware of their obligation to not discriminate or retaliate against PLAINTIFF.   Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent, and each of them, were aware and conscious of PLAINTIFF's rights and yet, they chose to ignore and disregard them.   In light of the outrageous and malicious conduct of Defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent, and each of them, PLAINTIFF seeks an award of punitive damages in an amount appropriate to punish or make an example of said defendants and each of them.

140.   As a result of the foregoing conduct of defendants WALGREENS and DOES 1 through 50, inclusive, as alleged above, PLAINTIFF incurred and continues to incur attorneys' fees and costs.   PLAINTIFF is entitled to, and

43

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1   demands, an award of reasonable attorney's fees and costs pursuant to Government

2   Code section 12965, subdivision (b).

3     Wherefore, PLAINTIFF prays for judgment as set forth below.

4   ### NINTH CAUSE OF ACTION

5   ### TORTIOUS WRONGFUL TERMINATION

6   ### IN VIOLATION OF PUBLIC POLICY

7   **(By PLAINTIFF Against Defendants WALGREENS and**

8   **DOES 1 through 50, inclusive)**

9     141. PLAINTIFF repeats and re-alleges the allegations set forth above, and

10   incorporates the same by reference as though fully set forth herein.

11     142. During her employment with defendants WALGREENS and DOES

12   1 through 50, inclusive, PLAINTIFF engaged in legally protected activities,

13   including, but not limited to, requesting a reasonable accommodation due to her

14   disability and taking CFRA qualifying leaves to care for her own serious health

15   condition.

16     143. PLAINTIFF is informed and believes, and based thereon alleges, that

17   defendants WALGREENS and DOES 1 through 50, inclusive, and each of them,

18   were motivated to terminate PLAINTIFF's employment with said defendants on

19   grounds that violate public policies of the State of California and the United States

20   of America, including, but not limited to, the public policies against terminating an

21   employee on the basis of characteristics protected under the FEHA, such as

22   disability, age, or exercise of the rights under the FEHA.

23     144. As set forth above, PLAINTIFF is informed and believes, and based

24   thereon alleges, that on or around August 11, 2017, defendants WALGREENS and

25   DOES 1 through 50, inclusive, wrongfully terminated the employment of

26   PLAINTIFF because she had been suffering from a disability, made her disability

27   known to DEFENDANTS, had been a longtime employee who was over the age of

28   40, and pursued the rights under the FEHA, FMLA, and CFRA.   As such,

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

44

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

1 termination of PLAINTIFF's employment by defendants WALGREENS and DOES

2 1 through 50, inclusive, violates the various fundamental public policies of the State

3 of California and the United States of America, including, but not limited to, those

4 set forth in the FEHA.

5    145.   As a direct, foreseeable, and proximate result of the foregoing conduct

6 of defendants WALGREENS and DOES 1 through 50, inclusive, as alleged above,

7 PLAINTIFF suffered and continues to suffer lost income, benefits, employment, and

8 career opportunities, as well as other economic loss, the precise amount of which

9 will be proven at trial.

10    146.   As a direct, foreseeable, and proximate result the foregoing conduct of

11 defendants WALGREENS and DOES 1 through 50, inclusive, as alleged above,

12 PLAINTIFF endured and continues to endure emotional distress, tarnished

13 reputation, and pain and suffering, the precise amount of which will be proven at

14 trial.

15    147.   The foregoing conduct of defendants WALGREENS and DOES

16 1 through 50, inclusive, was a substantial factor in causing the aforementioned

17 harm.

18    148.   The foregoing conduct of Defendants WALGREENS and DOES

19 1 through 50, inclusive, individually, or by and through their agents and employees,

20 and each of them, was intended by said defendants and/or their officer, director, or

21 managing agent, and each of them, to cause injury to PLAINTIFF or was despicable

22 conduct carried on by said defendants and/or their officer, director, or managing

23 agent, and each of them, with a willful and conscious disregard of PLAINTIFF's

24 rights, such as to constitute malice, oppression, or fraud under California Civil Code

25 section 3294. Defendants WALGREENS and DOES 1 through 50, inclusive, and/or

26 their officer, director, or managing agent, and each of them, were fully aware of

27 their obligation to not discriminate or retaliate against PLAINTIFF or subject her

28 to hostile work environment harassment. Defendants WALGREENS and DOES

45

**COMPLAINT FOR DAMAGES**

1 through 50, inclusive, and/or their officer, director, or managing agent, and each of them, were aware and conscious of PLAINTIFF's rights and yet, they chose to ignore and disregard them. In light of the outrageous and malicious conduct of defendants WALGREENS and DOES 1 through 50, inclusive, and/or their officer, director, or managing agent, and each of them, PLAINTIFF seeks an award of punitive damages in an amount appropriate to punish or make an example of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them.

149. As a result of the foregoing conduct of defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, as alleged above, PLAINTIFF incurred and continues to incur attorneys' fees and costs. PLAINTIFF is entitled to, and demands, an award of reasonable attorney's fees pursuant to California Code of Civil Procedure section 1021.5.

Wherefore, PLAINTIFF prays for judgment as set forth below.

## TENTH CAUSE OF ACTION

## DECLARATORY RELIEF

### (By PLAINTIFF Against Defendants WALGREENS and

### DOES 1 through 50, inclusive)

150. PLAINTIFF repeats and re-alleges the allegations set forth above, and incorporates the same by reference as though fully set forth herein.

151. Government Code section 12920 sets forth the public policy of the State of California as follows:

> It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

> It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Site 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

46

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices.

This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

152.    Government Code section 12920.5 embodies the intent of the California legislature and states:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

153.    Government Code section 12941 embodies the intent of the California legislature and states:

The Legislature further reaffirms and declares its intent that the courts interpret the state's statutes prohibiting age discrimination in employment broadly and vigorously, in a manner comparable to prohibitions against sex and race discrimination, and with the goal of not only protecting older workers as individuals, but also of protecting older workers as a group, since they face unique obstacles in the later phases of their careers.

154.    Finally, Government Code section 12921, subdivision (a) states in pertinent part:

The opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

47

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 858-1708

155.  An actual controversy has arisen and now exists between Defendants WALGREENS and DOES 1 through 50, inclusive, concerning their respective rights and duties as it is believed that Defendants WALGREENS and DOES 1 through 50, inclusive, may allege that they did not harass, or discriminate or retaliate against PLAINTIFF; that PLAINTIFF was not subjected to adverse employment actions alleged herein as a result of her perceived and/or actual disability, age, or exercise of the rights under the FEHA, FMLA, or CFRA, and/or some combination of these protected characteristics; and that Defendants WALGREENS and DOES 1 through 50, inclusive, did not violate PLAINTIFF's civil rights.  PLAINTIFF contends that Defendants WALGREENS and DOES 1 through 50, inclusive, did harass, or discriminate or retaliate against PLAINTIFF on the basis of her perceived and/or actual disability, her age, her exercise the rights under the FEHA, or some combination of these protected characteristics; and that Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them violated PLAINTIFF's civil rights.  PLAINTIFF is informed and believes, and on that basis alleges, that Defendants WALGREENS and DOES 1 through 50, inclusive, will dispute PLAINTIFF's contentions.

156.  Pursuant to California Code of Civil Procedure section 1060, PLAINTIFF desires a judicial determination of her rights and duties, and a declaration that Defendants WALGREENS and DOES 1 through 50, inclusive, harassed, or discriminated or retaliated against her on the basis of her perceived and/or actual disability, her age, her exercise the rights under the FEHA, FMLA, and CFRA, or some combination of these protected characteristics; and violated PLAINTIFF's civil rights.

157.  A judicial declaration is necessary and appropriate at this time under the circumstances in order that PLAINTIFF, for herself and on behalf of employees and persons in the State of California and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants WALGREENS

48

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Site 300
Burbank, CA 91505
Tel.: (818) 860-1340 I Fax: (818) 858-1708

1  and DOES 1 through 50, inclusive, and to condemn such discriminatory

2  employment and business policies or practices prospectively. (*Harris v. City of*

3  *Santa Monica* (2013) 56 Cal.4th 203.)

4      158.  A judicial declaration is necessary and appropriate at this time such

5  that Defendants WALGREENS and DOES 1 through 50, inclusive, may also be

6  aware of their obligations under the law to not engage in discriminatory practices

7  and to not violate the law in the future.

8      159.  Government Code section 12965, subdivision (b) provides that an

9  aggrieved party, such as PLAINTIFF herein, may be awarded reasonable attorney's

10 fees and costs: "In civil actions brought under this section, the court, in its

11 discretion, may award to the prevailing party, including the department, reasonable

12 attorney's fees and costs, including expert witness fees."  Such fees and costs

13 expended by an aggrieved party may be awarded for the purpose of redressing,

14 preventing, or deterring discrimination.

15     Wherefore, PLAINTIFF prays for judgment as set forth below.

16                    **ELEVENTH CAUSE OF ACTION**

17                         **INJUNCTIVE RELIEF**

18           **(By PLAINTIFF Against Defendants WALGREENS and**

19                    **DOES 1 through 50, inclusive)**

20     160.  PLAINTIFF repeats and re-alleges the allegations set forth above, and

21 incorporates same by reference as though fully set forth herein.

22     161.  The acts and omissions of Defendants WALGREENS and DOES

23 1 through 50, inclusive, and each of them, have caused irreparable harm to

24 PLAINTIFF and will continue to cause irreparable harm to current employees

25 unless the complained of conduct is enjoined.  There is no immediate, adequate or

26 speedy remedy at law to redress the continuing discriminatory and retaliatory

27 policies and practices of Defendants WALGREENS and DOES 1 through 50,

28 inclusive, , and, therefore, PLAINTIFF seeks affirmative and injunctive relief as

follows:

(a) for an injunction restraining Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, from continuing or maintaining any policy, practice, custom or usage which is discriminatory, retaliatory, or harassing in nature against any employee based upon the employee's protected class status, such as disability.

(b) for an injunction restraining the Defendants WALGREENS and DOES 1 through 50, inclusive, along with their supervising employees, agents and all those subject to its control or acting in concert with it from causing, encouraging, condoning or permitting discriminatory practices as well as the practice of retaliation;

(c) for affirmative relief requiring Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, to conduct training of all employees to "sensitize" them to the harmful nature of discrimination and retaliation against any employee. The proposed plan of education and training should also include training and detection, and correction and prevention of such discriminatory and retaliatory practices;

(d) for affirmative relief requiring Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, to notify all employees and supervisors, through individual letters and permanent postings in prominent locations in all offices that retaliation, harassment, and discrimination violate the California Fair Employment and Housing Act and the consequences of violation of such laws and policies;

(e) for affirmative relief requiring Defendants WALGREENS and DOES 1 through 50, inclusive, and each of them, to develop clear and effective policies and procedures for employees complaining of retaliation, harassment, discrimination or other violations of FEHA so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder) and informal

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 I Fax: (818) 858-1708

50

**COMPLAINT FOR DAMAGES**

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 l Fax: (818) 858-1708

1  as well as formal processes for hearing, adjudication and appeal of the

2  complaints; and

3  (f) for affirmative relief requiring Defendants WALGREENS and DOES

4  1 through 50, inclusive, and each of them, to develop appropriate sanctions or

5  disciplinary measures for supervisors or other employees who are found to

6  have committed discriminatory or retaliatory acts, including warnings to the

7  offending person and notations in that person's employment record for

8  reference in the event future complaints are directed against that person, and

9  dismissal where other measures fail.

10  Wherefore, PLAINTIFF prays for judgment as set forth below.

## PRAYER FOR RELIEF

12  **WHEREFORE**, PLAINTIFF seeks judgment against DEFENDANTS, and

13  each of them, in an amount according to proof, as follows:

14  1.  For a money judgment representing compensatory damages, including

15  lost wages, loss of earning potential, employee benefits, and all other sums of

16  money, together with interest on these amounts; for other special damages; and for

17  general damages for emotional distress;

18  2.  For a declaratory relief reaffirming PLAINTIFF's equal standing

19  under the law and condemning Defendant WALGREENS and DOES 1 through 50,

20  inclusive, for engaging in discriminatory employment practices;

21  3.  For injunctive relief preventing and barring Defendant WALGREENS

22  and DOES 1 through 50, inclusive, from implementing discriminatory employment

23  policies and engaging in discriminatory employment practices in the future;

24  4.  For punitive damages, pursuant to California Civil Code section 3294,

25  in amounts sufficient to punish DEFENDANTS for the wrongful conduct alleged

26  herein and to deter such conduct in the future;

27  5.  For prejudgment interest on each of the foregoing at the legal rate

28  from the date on which the obligation became due through the date of judgment in

**COMPLAINT FOR DAMAGES**

this matter;

      6.     For post-judgment interest;

      7.     For reasonable attorneys' fees, pursuant to FEHA, California Code of Civil Procedure section 1021.5, and/or any other basis;

      8.     For costs of suit incurred herein, including expert witness fees pursuant to the FEHA, and/or any other basis; and

      9.     For any other relief that is just and proper.

Respectfully submitted,

Dated: June 21, 2018          **THE HENNA CHOI LAW FIRM**

Henna H. Choi
Attorney for Plaintiff LETHIA PERRY

Dated: June 21, 2018          **LAW OFFICE OF JOSHUA PARK**

Joshua Park
Attorney for Plaintiff LETHIA PERRY

THE HENNA CHOI LAW FIRM
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel.: (818) 860-1340 | Fax: (818) 853-1708

52

**COMPLAINT FOR DAMAGES**

1

## DEMAND FOR JURY TRIAL

2      PLAINTIFF demands a trial by jury as to all issues so triable.

3

4                                      Respectfully submitted,

5    Dated:  June 21, 2018             **THE HENNA CHOI LAW FIRM**

6

7

8

9                                      _____
                                       Henna H. Choi
                                       Attorney for Plaintiff LETHIA PERRY

10   Dated:  June 21, 2018             **LAW OFFICE OF JOSHUA PARK**

11

12

13

14                                     _____
                                       Joshua Park
                                       Attorney for Plaintiff LETHIA PERRY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THE HENNA CHOI LAW FIRM**
3500 W. Olive Ave., Ste 300
Burbank, CA 91505
Tel: (818) 860-1340 | Fax: (818) 858-1708

53

**COMPLAINT FOR DAMAGES**
